Washington,
*March,*
1829.

Mead
*vs.*
Arms.

James Beattie *vs.* Walter Robin.

Caledonia,
*March,*
1829.

The copy of an officer's return on an execution may be given in evidence to show the validity of a sale made by virtue of the execution, though the return do not state the *place* of sale.  The return will be sufficient if it appear therefrom that there was a time and place appointed in the advertisement, and, unless the contrary appear, it will be presumed that the advertisement was legal, especially, if both creditor and debtor attended at the time and place of sale.

Though the officer do not make a formal application of money raised by the sale of property on an execution, nor return any items of charges for the sale, yet, if the creditor endorse on the execution a sum equal to the whole amount raised by the sale, it will be presumed that the whole avails of the sale has been applied on the execution.

C in the spring rented a farm of one N for the ensuing season, and afterwards let out a quantity of the growing grass to B to cut and make into hay, giving to B one half for his labor: when B had deposited nearly the whole of the hay in the barn standing on the premises, he purchased C's half, but let it remain in the barn as before.  The farm was afterwards hired by another tenant, who moved into the house in the fall after; but C remained on the premises till the next spring, and kept a cow in the barn through the winter.  On the 5th January the hay was taken, and afterwards sold, on an execution against C as his property. It was held that there had not been a sufficient change of possession to entitle B to recover against the execution creditor.

This was an action of *trespass* for taking and carrying away four tons of hay, the property of the plaintiff.  Plea, *not guilty*, and issue joined thereon.

On the trial in the County Court, the plaintiff, after proving the taking of the hay by the defendant, introduced testimony tending to prove, that in April, 1823, *James* and *John Nelson*, let, by parol, to *Eri Chamberlin*, a farm in *Ryegate*, called the *Robert Brock-farm*, to occupy and improve the same during the season,

CALEDONIA,
March,
1829.

Beattie
vs.
Robin.

rendering to the *Nelsons* one half of the crops to grow on the farm, for the use of it, and to quit the same in the fall ; that *Chamberlin* entered into possession of the farm the same April, and before haying time the *Nelsons* sold to him their half of the hay or grass, in consideration of certain repairs to be made by him on the house which was on the farm—That in the summer, *Chamberlin* let to the plaintiff a portion of the grass growing on the farm, to be cut and put into the barn on the farm, at the halves ; that the plaintiff cut the grass and put the hay into the barn ; but before he had got the whole in, *Chamberlin* sold his half of it to the plaintiff, in consideration of the plaintiff's signing a note for *Chamberlin* to one *Charles Hale*, for four tons of hay, to be paid the following winter, which the plaintiff afterwards paid—That *Chamberlin* let another portion of the grass to one *Heath*, to cut at the halves, which was cut and put into the same barn, where the grain raised on the farm was also put—That in August, 1823, *Wells Goodwin* applied to the *Nelsons* for a lease of the farm, to himself and *Moses Goodwin*, which was let to them ; and *Moses* was to move into the house on the farm in the fall following ;—that *Moses* moved into the house October 11, 1823, erected a shop on the premises the same fall, ploughed some of the land, kept a cow in the barn during the winter, and continued there two or three years, and paid rent to the *Nelsons* from the time he moved into the house.

The defendant offered to show that the hay in question was taken by him by virtue of a writ of attachment in favor of *Walter Stuart* against the said *Eri Chamberlin*, dated Sept. 14, 1823, returnable to the December term of the *Caledonia* County Court, 1823, and served by the defendant, as constable of *Ryegate*, on the 20th day of September, 1823, by attaching the hay in question ; that said writ was duly returned to the Court aforesaid, and judgment rendered in the suit at the term aforesaid in favor of the said *Walter* against the said *Eri* ; that execution issued on said judgment, dated December 18, 1823, and, on the 5th day of January, 1824, was levied on the said hay by the defendant, as constable as aforesaid, and the hay advertised and sold by him at public auction. To the admission of the copies of the record of the writ of attachment, judgment and execution, and the returns thereon, in evidence, the plaintiff objected ; but the objection was overruled, and the copies, which were referred to as a part of the exceptions, were admitted.

It was proved that *Chamberlin's* family, he being occasionally absent, remained on the farm until March, 1824 ; that they kept a cow in the barn through the winter, and that *Chamberlin* let out

CALEDONIA,
March,
1829.

Beattie.
vs.
Robin.

the fall feed to *John Cameron*, and also that *Moses Goodwin* did not claim or exercise any controul over the hay in question. The Court being of opinion, on the facts proved by the testimony aforesaid, that there was no sufficient change or delivery of possession of the hay to the plaintiff, to render the sale from *Chamberlin* to him valid, as against the attachment and execution aforesaid, direced the jury accordingly, who returned a verdict for the defendant. To which opinion of the Court, and the decision in admitting the copies aforesaid in evidence, the plaintiff excepted ; and the case was ordered to the Supreme Court for a hearing on a motion for a new trial founded on said exceptions.

The following is a copy of the return on the execution :—

"Caledonia County, ss. Ryegate, January 5th, 1824.

"Then by virtue of the within execution, I levied the same on "a quantity of oats in the straw, and a certain quantity of hay, and "advertised the same on the town post, to be sold on the 19th "of said month ; and on the same day I attended, and, at the re- "quest of the parties, adjourned the sale to the 10th day of Feb- "ruary, (then) next ; and on said day then and there offered said "property for sale, and sold the oats to *Ebenezer Morril*, at "fifteen cents per shock, there being forty five shocks, amount- "ing to $6 75 ; and then and there offered the hay for sale, "and sold one ton to *Daniel Meder* for six dollars, one ton to "*Ebenezer Morril* for six dollars and sixty cents, and the remain- "der to *William Gray* for six dollars and fifty cents ; there "were three tons 18 cwt. 57lb : they bidding so much and no "more, and being the highest bidders.

Attest, *W. Robin*, Constable."

"*Ryegate*, March 10, 1824, rec'd on the within forty dollars "and sixty cents.

*Ebr. Morrill,*
*For T. M. Morrill.*

*For the plaintiff*, it was contended—That there had been such a change of possession of the hay as to render the sale from *Chamberlin* to *Beattie* valid—that the property in this case, being a ponderous article, need not have been removed. 17 *Mass.* 197. *id.* 240.—That the return of the officer on the execution was defective—that it ought to have been returned to the Clerk.

*For the defendant*, it was contended—That there had not been a sufficient change of possession to render the sale from *Chamberlin* to the plaintiff valid. *Weeks* vs. *Wead,* 2 *Aik. Rep.* 64. —That the return of the officer was sufficient.

The opinion of the Court was pronounced by

PADDOCK, J.   Two questions are presented for the considera-tion of the court : the one, whether the copies of the record of the

CALEDONIA,
March,
1829.

Beattie
vs.
Robin.

County Court were rightfully admitted; the other, whether it appears from the bill of exceptions that there was a sufficient change of possession of the hay, from *Chamberlin* to *Beattie*, to enable him to recover.

The counsel for the plaintiff contends, that the attachment upon *mesne process* was illegal, as well as the levy of the execution, owing to the imperfect returns of the officer of his doings. The court do not discover any particular defect in the return on the writ, nor is it very material, for if the return was too vague to hold the property, or so defective as to have caused the writ to abate, yet, if it was sufficient to call the defendant into court or lay the foundation for a good judgment if he did not appear, it is sufficient; for it appears the same property remained where it was, when attached, until execution was levied upon it; and if it be true that the service was void as an attachment, *Beattie* was not aggrieved. The hay not being removed by the officer, *Beattie* might have disposed of it with safety: if the return was sufficient to hold the hay, then the plaintiff's objection fails him.

The return of the officer on the execution is less formal, yet sufficient in substance. He states, that on the 5th day of January, 1824, he levied the execution on a quantity of unthreshed oats, and a quantity of hay; that he advertised the same on the town post, to be sold on the 19th of the same month; at which time he attended, and by request of the parties, adjourned the vendue until the 10th of February, when he offered the hay for sale; he states to whom it was sold, the price it brought by the ton, the quantity sold, and that the purchasers were the highest bidders. Then follows an endorsement and receipt on the execution, of twice the amount of the property sold, signed by the creditors.— The officer might have returned where the sale was holden, and the amount of charges deducted from the avails of the property, and shewn the balance left due on the execution; but it is not absolutely necessary that the return should shew the place of sale; it is sufficient that there was a time and place appointed in the advertisement; and when the contrary is not made to appear, it will be presumed the advertisement was legal, especially when we see that both debtor and creditor attended, and requested an adjournment.

The statute requires, that the "monies arising upon such sale, shall be applied to the payment of the charges, and the satisfaction of the execution." Though the officer did not make the application in the usual form, or return any items of charges for the sale, yet the creditor endorsed much more than the avails of the whole sale, and it must be supposed that the sum endorsed includ-

ed the avails of the hay. There can be little doubt that the co- <span style="float:right">CALEDONIA,<br>*March,*<br>1829.</span> pies of the record were properly admitted to go in evidence to the jury.

<span style="float:right">Beattie<br>*vs.*<br>Robin.</span>

As to the other points made in the case, the material facts are, that *Chamberlin* rented a farm of the *Nelsons*, in April, 1823—that in the summer of the same year, he let a portion of the growing grass to *Beattie*, to cut and make into hay, giving the said *Beattie* one half for his labor—that when *Beattie* had deposited nearly the whole of it in *Chamberlin's* barn, he purchased *Chamberlin's* half, but suffered it to remain in *Chamberlin's* barn, as before, until the 20th of September, when *Robin*, a constable, attached it upon a writ at the suit of *Walter Stuart*, as the property of *Chamberlin*, and afterwards sold the same on execution. The barn continued in the occupation of *Chamberlin* from the time the hay was first put into it, until after the attachment and subsequent sale, and *Beattie* had no right or privilege in it, saving what he gained (if any) in the purchase of the hay ; excepting, an inference might be drawn, that the other half of the hay, belonging to *Beattie*, might have remained there.

The Court can have no doubt, that there was no sufficient change, or color of change, of possession in this case, to entitle *Beattie* to recover against an attaching creditor of · Chamberlin. And to say that a purchase, without being followed by a visible change of possession, would protect the purchaser from the attaching creditors of the vendor, would be a manifest departure from all the decisions in the state for a series of years. —1 *Aikens*, 116, *Durkee* vs. *Mahoney.*—*Id.* 158, *Boardman* vs. *Keeler.*—*Id.* 162, *Mott* vs. *McNeal.*—2 *Aikens*, 64, *Weeks* vs. *Weed, and cases there cited.*

The judgment of the county court is affirmed.

*S. Cushman,* for plaintiff.

*Geo. B. Shaw* and *J. Mattocks,* for defendant.