ROBERT R. DRAKE v. P. C. MOONEY.

*Evidence. Execution.*

One who claims title to property by virtue of a sale on execution, may show that the sale was made in a different manner from that stated in the officer's return upon the execution.

The return of an officer of the levy of an execution, and of the sale of personal property thereunder, stated that "he advertised the property as the law directs," and then proceeded to state the places where it was to be sold, and was sold; *Held,* that the court would presume that the property was advertised at the same places where it was sold; and the return was held sufficient.

There is no presumption, without proof, that the places described in an officer's return of the levy of an execution on personal property, as the places where the sale was advertised and took place, are not public places.

When the character and situation of personal property, upon which an execution is levied, and the interests of the parties require it, the officer may in his sound discretion, and in good faith, advertise and sell it at more than one place.

TRESPASS for taking one mare, one horse, and one double wagon. Plea, the general issue, and trial by jury, at the March Term, 1858,—PIERPOINT, J., presiding.

The plaintiff, to make out his title to the property in question, introduced in evidence the record of a judgment in his favor against S. H. Langdon, rendered by confession on the 10th of March, 1856, for four hundred and ninety-five dollars damages, and eight dollars and five cents cost; also the execution issued upon this judgment, with the officer's return thereon, which set forth that on the 11th of March, 1856, the officer levied the execution on the property in question, together with other property therein described, and advertised the same, as the law directs, to be sold at public vendue, a part at A. H. Griswold's dwelling house in Castleton, at nine o'clock, A. M., on the 25th of March, 1856, a part at the dwelling house of S. H. Langdon in Castleton, at the same time, and a part at the furnace of S. H. Langdon in Castleton, at the same time, and that on the 25th of March, 1860, he sold the property in question to the plaintiff, at certain prices stated in the return.

The plaintiff then offered to show by parol, a sheriff's or offi-

cer's sale of the property in dispute to the plaintiff, by the officer holding the execution in the plaintiff's favor against Langdon, in a different manner from what appeared by his return on the execution, which testimony was objected to by the defendant, and rejected by the court, to which decision the plaintiff excepted.

The plaintiff also introduced evidence showing the taking of the property in controversy by the defendant, after its sale on execution to the plaintiff, and its value. It further appeared that the property in question, after the execution sale, went back into the possession of Langdon by the consent of the plaintiff, and that he took Langdon's receipt therefor, agreeing to return it to him on demand, and that it remained in Langdon's possession, and was used by him until it was attached and taken by the defendant on an execution in his favor against Langdon.

The court decided that the plaintiff had not acquired the property by such a sheriff's sale thereof as would protect it in Langdon's possession from attachment by his creditors, and directed a verdict for the defendant, to which the plaintiff also excepted.

*Linsley & Prout*, for the plaintiff, cited *Barnes* v. *Barnes*, 6 Vt. 388; *Gates* v. *Gaines*, 10 Vt. 346; *Janes* v. *Martin*, 7 Vt. 92; *Wood* v. *Doane*, 20 Vt. 612; *Beatie* v. *Robin*, 2 Vt. 181; *Hill* v. *Kendall*, 25 Vt. 528; *Bates* v. *Carter*, 5 Vt. 602; *Whiting* v. *Bradley*, 2 N. H. 82; *Watson* v. *Watson*, 6 Conn. 334.

*I. T. Wright* and *Briggs & Nicholson*, for the defendant.

ALDIS, J. The plaintiff made title to the personal property seized through an officer's return.

I. The plaintiff offered to show by parol, a sheriff's sale made in a different manner from what appeared on the execution. The evidence so offered was rejected by the court.

It is said by the defendant's counsel that this offer was too vague, and therefore properly excluded. If it was excluded on that ground the plaintiff's counsel should have been so informed, that he might amend his offer by stating the facts to be proved with more precision; and its exclusion for that reason would, we think, have appeared on the bill of exceptions.

We think the fair construction of the exceptions is this: that

no matter what may be the facts offered to be shown by parol, they should be excluded because no parol evidence was admissible to show a sale differing from the one stated in the return.   Whatever may be the effect of the return as between the parties to the execution, we are clear it is not the sole and conclusive evidence of the facts stated in it as between the execution creditor and a third person ; in this case an attaching creditor of the execution debtor.   The contrary doctrine seems to be the rule of the common law in England, but in the American States generally, and in this State, the return is held to be only *prima facie* evidence.   The evidence offered we think was clearly admissible.

II. The court held that the return, on its face, was insufficient to pass a title to the property sold.

In the construction of officers' returns we are not to presume any facts to invalidate them, but are to give them a reasonable meaning ; and where the facts stated are as consistent with regularity as irregularity, we should hold them regular.   The presumption of law is in favor of the legality of the return.

1. It is objected that the return does not say that he set up an advertisement at some public place ; the words of the return are " I advertised the property as the law directs," and then proceeds to state the places where the property was to be sold, and was sold.   In *Beattie* v. *Robin*, 2 Vt. 181, the return stated that the property was advertised on the town post, but wholly omitted the place where it was to be sold, or was sold.   The return was held good.

As the place of advertisement and sale are by the statute required to be the same, it would seem that when the place is mentioned in connection with the advertisement or sale, that we ought to presume in favor of the regularity of the proceedings that the place omitted is the same as the place expressed.   In this case we should intend that it was advertised where sold.

2. Neither are we to presume without proof that " Griswold's house," " Langdon's," and " the furnace " are not public places.

3. Nor is it an objection that the property was sold at three different places.   Where the character and situation of the property and the interests of the parties require, the officer may in his sound discretion, and in good faith, advertise and sell at dif-

ferent places.   We think the return on its face good to pass the title.

. III   A question was raised by the plaintiff's counsel that the title of the purchaser at sheriff's sale, who buys in good faith, and upon proceedings apparently *in invitum* under the execution, can not be affected or impaired by the irregularities of the officer in doing his duty, or by defects in the return.   On this point we express no opinion.

The judgment of the county court is reversed.