## ANDREW M. POLLARD

*v.*

## WASHINGTON KING *et al.*

1. CONSTABLE'S SALE—*description in notice of sale.* A constable levied upon and sold under execution the corn of defendant in execution, standing upon the southeast northwest section 8, town 23, range 6. He posted three notices of the sale, in one of which the land was described as the southeast northeast section 8. In the other two the land was correctly described: *Held,* in replevin by the purchaser of the corn, that the notice of the sale was sufficient, and that the mistake in one of the notices did not invalidate the sale.

2. CROSS ERRORS. Before a party can insist upon cross errors, he must assign them upon the record as required by the rule.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. FULLERTON & ROGERS, for the appellant.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of replevin for a quantity of corn. One issue in the case was on a plea of property, which was found against the plaintiff.

He claimed to derive title to the corn by purchase at a constable's sale under an execution against Stout, one of the defendants. The corn was sold while standing in the field, on a certain tract of land of 40 acres, to wit: southeast quarter of northwest quarter section 8, town 23, range 6. It was proved on the trial that two of the three printed notices of the sale described the tract of land, on which the corn stood, correctly, as above; but that the other one of the three notices described the tract incorrectly, as being southeast quarter of northeast quarter section 8, town 23, range 6. No other defect in the notices appears or was suggested.

The court gave the following instruction to the jury:

In order to make a valid sale of personal property by a constable under execution, it is necessary to make a levy and an inventory of the property on which the same was levied, and must appoint a day and hour for the sale of said property, giving ten days' notice of the sale by advertisement in writing, to be posted up in three of the most public places in the county; and, on the day so appointed, the said constable shall sell the property so levied upon to pay the debt. And if the jury believe, from the evidence, that these notices were not posted up according to these requirements, then Pollard acquired no title to the corn in controversy, and could not maintain this action of replevin, and the jury will find the defendants not guilty.

This instruction should not have been given, as it was calculated to mislead the jury. Laying out of view the question whether a defective notice would invalidate the sale, we perceive no material defect here in the notice.

Although one of the notices misdescribed the tract of land on which the corn was situated, it was nevertheless sufficient. There can be no doubt, under the evidence, that this would have been regarded as a mistaken particular of the description; and that taking the whole notice together, with the surrounding circumstances, all persons reading the notice would have been apprised with sufficient certainty of the particular piece of corn that was advertised to be sold. Much prominence was given in the testimony to this circumstance of misdescription of the tract of land in one of the notices, and as there was so much testimony going to show that the real ownership of the corn was in Stout, and that it was only nominally held by King for the purpose of protecting it from the creditors of Stout, we are led to conclude that the jury were quite likely misled by this instruction, and founded their verdict upon the supposed insufficiency of one of the notices, in describing the piece of land on which the corn stood.

Cross errors are insisted upon by the appellees, but there are none assigned upon the record, as required by the rule, and we can take no notice of them.

For the error in giving this instruction, the judgment must be reversed and the cause remanded.

*Judgment reversed.*