# MAHLON McGIRR
## v.
## JOSEPH HUNTER.

1. CONTROL OF PROPERTY ACKNOWLEDGED BY EXECUTION DEBTOR—LEVY.—Where the basis upon which appellant's claim rested was, that appellee had waived his right to claim certain corn, and had actually turned it out on the execution to the constable, and that the constable had made the levy in pursuance of such action. *Held*, in such case it was not necessary as between the parties to the execution that the property should be within the constable's sight, presence or manual control. Where the control of the property is acknowledged by the execution debtor to be under the officer holding the writ, and he indorses a levy in accordance therewith, the levy is good as to such execution debtor.

2. EXECUTION SALE—NOTICE.—In all cases where the purchaser of personal property at execution sale buys without notice implied or in fact, the want of notice can not affect his title.

3. PURCHASE BY EXECUTION CREDITOR—BURDEN OF PROOF TO SHOW WANT OF NOTICE.—Where an execution is valid and a levy and sale have been proved, in case the execution was issued under a valid judgment, when the purchase of the property is by the execution creditor, the burden of proof to show want of the statutory notice is on the party attacking the sale.

4. REPLEVIN.—The point made by appellant that the action of replevin will not lie, as appellee has only an undivided one half interest in the corn, is not well taken. There is no difficulty in the suit progressing, as both parties claim the same interest and no one else claims any interest. The interest of appellee before sale was that of a tenant, and the interest of the landlord that of a claim for rent, which is not an undivided interest but simply a lien to secure his portion.

5. INSTRUCTION—JURY.—The modification of appellant's instruction that the jury "need not take the law given to them by the court in its instructions to be the law, if they could say under their oaths that they were better judges of the law than the court," was not correct. That rule only applies in criminal cases.

APPEAL from the County Court of Knox county; the Hon. DENNIS CLARK, Judge, presiding. Opinion filed July 27, 1883.

Messrs. WILLOUGHBY & DAUGHERTY, for appellant; that replevin does not lie for an undivided interest in a chattel, as

an undivided part is not susceptible of delivery without the whole, cited Wells on Replevin, § 154; Low v. Martin, 18 Ill. 286; Parker v. Garrison, 61 Ill. 251; Kindy v. Green, 32 Mich. 310; Price v. Tally's admr., 18 Ala. 21; Parsons v. Boyd, 20 Ala. 112; Kimball v. Thompson, 14 Cush. 447.

As to levy: Davidson v. Waldron, 31 Ill. 133.

The presumption is in favor of an officer having done his duty, and the burden of proof to show neglect of duty was upon plaintiff: Taylor v. The People, 2 Gilm. 349; Job v. Tebbetts, 5 Gilm. 382; Todemies v. Aspinwall, 43 Ill. 402.

Messrs. McKENZIE & CALKINS, for appellee; that although the rent was to be paid by a portion of the crop, the landlord and appellee were not tenants in common, had no joint interest or ownership in it, and the title to the entire field and absolute right of possession was in appellee until the stipulated rent was paid, cited Alwood v. Ruckman, 21 Ill. 200; Sargent v. Courrier, 66 Ill. 246; Lacy v. Weaver, 49 Ind. 376; Lindly v. Kelly, 42 Ind. 294; Dickson v. Nicolls, 39 Ill. 372.

An action of replevin will lie for grain mixed in bins: Warner v. Cushman, 31 Ill. 289; Wingate v. Smith, 20 Me. 287.

What was not by the evidence or instructions made a ground of defense in the trial court, can not be raised for the first time in this court: Tell v. Beyer, 38 N. Y. 161.

To make a valid levy, the officer must do some act which, if not protected by his writ, would amount to a trespass: Havely v. Lowry, 30 Ill. 446; Chittenden v. Rogers, 42 Ill. 100.

As the property was illegally seized by the constable, and appellee was never given the opportunity of having his property appraised, and making his selection, a demand was not necessary: Ledley v. Hays, 1 Cal. 160; Clark v. Lewis, 35 Ill. 417.

LACEY, P. J. This was an action of replevin brought by appellee against appellant before a justice of the peace to

recover an undivided half of sixteen acres of corn standing in the field, and upon appeal to the county court was tried before the judge and a jury, and resulted in a verdict in favor of appellee, and appellant brings the case here by appeal. The corn was sold at constable's sale on Sept. 16, 1882, on execution in favor of appellant against appellee by S. W. Love, the constable holding the execution. The questions involved in the case are in regard to the appellee's right to claim the property as exempt under the statute from sale and execution, and legal questions hereafter stated. The facts were that on July 12, 1882, the constable having the execution in his hands made a demand on the appellee for property out of which to satisfy it. The latter then made out a schedule under oath and gave it to the constable who kept it until September 5th, following, when he went to the appellee's house and was about to appoint appraisers under the statute and give an opportunity to have selection made. At this interview the constable was present, with one Wells, the attorney of the appellant. What took place at this interview is the main question in dispute, it being claimed on the part of appellant that appellee waived his right to have the property appraised by sworn appraisers to be appointed for that purpose under the statute, and that he entered into an agreement with the constable and Wells to appraise the property by agreement between himself and them, and that they agreed upon a valuation for all the property in the schedule, and finding that there was more than four hundred dollars worth of property the appellee voluntarily turned out the corn to the constable to be levied on, who then made his levy on the corn and afterward sold it to appellant to satisfy the execution. On the other hand it is denied by the appellee that he ever agreed to waive the appointment of the appraisers, or agreed to an appraisement with Wells and the constable or either of them, or that he turned out the corn in execution, but on the contrary, he claims that he demanded his appraisement and set-off which the constable refused, and sold the corn without authority of law. This question of fact was the main issue tried and there was evidence tending to support the issue on

either side. The main questions arise on the instruction given by the court on the part of appellee, and he particularly objects to the third, fourth, fifth, sixth and seventh, and to the modification by the court of his third instruction given. The third of the appellee's instructions tells the jury that where practicable the law requires personal property to be taken into possession in order to perfect a levy, and if it is not practicable to take possession, the property must be in sight at the time of the levy, and that a constable can not make a legal levy upon crops when the crops are not in the officer's presence or even in his sight at the time of or before the levy.

The fifth of appellee's instructions told the jury that "if at the time, etc., appellee told Wells he might take the corn at $12.50 per acre and immediately after said, yes, you can take the corn, and if the corn was not then present and in sight, and if immediately thereafter and before any levy was made, did demand to have his property appraised, then any levy and sale thereafter was void without complying with the statute." The seventh of appellee's instructions told the jury that "in order to make the sale of the corn legal, the proof must show that the officer advertised such corn at least ten days prior to such sale by posting up printed or written notices in three of the most public places in the neighborhood where the corn was, giving the time, terms and place of sale, and if the defendant has failed to prove that fact then you should find the property in the plaintiff."

In view of the facts in this case, the questions in issue and parties claiming title to the property, the third instruction, which only announced a general proposition of law, is clearly misleading and should not have been given. This was not a contest between appellant and a third party claiming title to the property through purchase or attachment, or judgment creditors acquiring title to the property while in appellee's possession; but is a contest between the original owner and the judgment creditor claiming through sale on execution. As between the parties to this suit the rule announced in regard to the levy is not correct. It was not necessary that the property should be in sight at the time of

the levy to make the levy good as between these parties, and it was not true that the constable could not make a legal levy upon the crops if they were not in the officer's presence, or in his sight at the time of the levy.    It was claimed on the trial, and the basis upon which the appellant's claim rested was, that the appellee had waived his right to claim the corn, and had actually turned it out on the execution to the constable, and that the constable had made the levy in pursuance of such action.    In such case it was not necessary as between the parties to the execution that the property should be within the constable's sight, presence or manual control.    The possession was acknowledged to be in the constable by appellee himself, if the claim of appellant be true, and this was all that was necessary.    Where the control of the property is acknowledged by the execution debtor to be under the officer holding the writ, and he indorses a levy in accordance therewith, the levy is good as to such execution debtor.    Harris v. Evans, 81 Ill. 420; Lang v. Sperry, 54 Ill. 107; and in like case possession of an officer making the levy before sale is not necessary provided the right to sell existed.    Forth v. Pursly, 82 Ill. 152.    Manual delivery of growing crops is not required as necessary, even as to intervening purchasers and creditors. Fichnor v. McClelland, 84 Ill. 471.    The fifth instruction was also calculated to mislead, being argumentative in referring to the corn as not being in sight, a matter wholly immaterial to the hypothesis being presented to the jury, but holding out to them the argument implied that if the corn was not in sight, there could be no acceptance of appellee's offer to sell or give up the corn because it was not in sight, and could not be delivered, and hence the proposition could be withdrawn at the will of the appellee.    The implied rule, involved in the instruction as we have seen in our comments on the third instruction, was not correct.    We see no particular error in the fourth instruction other than using the words "pretended levy" which probably under the circumstances should not have been used as implying that the court did not think it good, but we would not reverse on that ground, as the error is not regarded of sufficient importance.    The sixth instruction does

not appear to be based on any evidence in the case, and should not have been given. Appellee was charged with the rye in making up his schedule, which appellant does not complain of, and it was proper to so charge him. Under the seventh instruction the jury could not fail to render a verdict for appellee, for there is no pretense that the appellant proved that the ten days' notice of the sale had been given as the instruction announced was required. If such proof were required on appellant's part, then no difference what errors were committed against him by the court, the judgment should still not be reversed, for that failure was conclusive against his right. The purport of the instruction is, that even if appellee had waived his right to claim the property as exempt, and had delivered it up to the constable to be sold, yet if the ten days' notice of the sale required by the statute had not been given, the title to the property did not pass by the sale to the appellant, and that appellee should recover. The return of the constable on the back of the execution showed that the property had only been levied upon, and that the constable had sold it to appellant for twelve dollars and fifty cents per acre.

We have given the question all the examination we could without much aid from the attorneys on either side, and can not find the exact question decided by our Supreme Court or any other court, but we think the principles by which such questions are governed would require the question to be decided adversely to the appellee. If it be clear, which it by no means is, that the failure to give such notice renders the sale void, in case the plaintiff in the execution becomes the purchaser, he for that reason being held to notice of all irregularities, it does not necessarily follow that the burden of proof to show the giving of the notices is on the party asserting title under the sale when the proof of the sale is made. The policy of the law is to uphold judicial sales, and all reasonable presumptions will be indulged in where the process is valid; and accordingly it is held that, "the sale of personal effects if fair and the execution be valid, carries to the purchaser, as has been said the right and title of the debtor to the property; but if the writ be void the sale is also void and the purchaser takes

nothing." Rorer on Judicial Sales, § 1306; Hamilton v. Shrewsbery, 4 Rand. 207; Pander v. Mosely, 2 Fla. 207. Again it is said that "though execution sales are usually valid against mere irregularities, this is more especially so with reference to personal property, where the levy vests a species of ownership in the officer and the possession of property is delivered over to the purchaser." Rorer on Judicial Sales, § 1307; Wheaton v. Sexton's lessees, 4 Wheaton, 503. "Yet no sale and delivery will confer title where the officer has no power to sell," Ibid., and "failure to give notice can not avoid a sale against any one not in fault." Osgood v. Blackmore, 59 Ill. 261; Jackson v. Spink, Ibid. 404; Pollard v. King, 63 Ill. 36. And it does not make void a sale in New York even where the plaintiff in execution is the purchaser: Freeman on Executions, 286, note; Wood v. Morehouse, 45 N. Y. 368. It is said "that a return that legal notice was given is presumptive but not conclusive evidence that a legal notice was given." Abbott's Trial Evidence, 624; Drake v. Moorey, 31 Vt. 617; and it was held in Georgia that "where there is any defect in stating the facts necessary to support a sale the existence of such facts will generally be presumed." Freeman on Executions, § 329, note; Hollingsworth v. Dickey, 24 Geo. 434; and in Wood v. Morehouse, 45 N. Y. 368, it was held that a sheriff's deed was presumptive evidence that the officer performed his duty. The case of Pollard v. King, 63 Ill. 36, cited above, is the only one where the question of the effect on the title of not giving notice on the sale of personal property under execution has ever come before the Supreme Court; and in that case the court fails expressly to pass on the question but contents itself with deciding that the notice was sufficient, nor does it appear which side took the affirmative of proving the supposed defect in the notice. From all our investigations we are constrained to hold that, where an execution is valid and a levy and sale have been proved, in case the execution was issued under a valid judgment, even when the purchase of the property was by the execution creditor, the burden of proof to show want of notice is on the party attacking the sale. In all cases where the purchaser of personal property at execu-

tion sale buys without notice implied or in fact the want of notice can not affect his title. Hence it is a general rule that no proof of notice need be made in the first instance in order to support such sale, and it is only in exceptional cases, if at all, that such a defense can be made, and the burden of proving facts to make an exception to the general rule is on the party asserting the exception. We think this, as well as the consideration of policy in favor of supporting execution sales and the presumptions in favor of an officer doing his duty, would require the burden of proving want of notice to be cast on the party seeking to defeat the title. For this reason we hold the seventh instruction to be erroneous. The question made by appellant that the action of replevin will not lie for the reason that the appellee had only an undivided one half interest in the corn, is not well taken. Both parties to this suit are claiming the same interest, no one else claims any interest, therefore there is no difficulty in the suit progressing; the interest of the appellee before sale was that of a tenant, and the interest of the landlord that of a claim for rent which is not an undivided interest but simply a lien to secure his portion.

The proof on this point is not quite clear. The modification of appellant's third given instruction, made by the court, that the jury "need not take the law given to them by the court in its instructions to be the law if they could say under their oaths that they were better judges of the law than the court," was not correct. That rule only obtains in criminal cases.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.