## W. H. VASSER v. GEORGE W. HENDERSON.

1. CHANCERY COURT: JURISDICTION: EQUITABLE ASSETS HOW SUBJECTED.—A creditor cannot go into a court of chancery to subject equitable assets, or *choses in action*, to the payment of his debt, until he has first obtained a judgment at law, and issued execution, and had a return of "*nulla bona.*" 11 S. & M. 366; 31 Miss. 458.
2. SAME: WHEN COURT OF CHANCERY WILL AID AN EXECUTION AT LAW.—When property legally liable to execution has been fraudulently conveyed or incumbered, a court of chancery will sustain an application to remove an obstruction which prevents a legal lien from operating upon the property, where the creditor has obtained a judgment which is a lien upon the property sought to be charged. 10 S. & M. 556; 13 S. & M. 65; 27 Miss. R. 509; 30 Miss. R. 472; 1 Am. Lead. Cases, 49, 84.
3 EXECUTION: LEVY OF, UPON PROPERTY FRAUDULENTLY CONVEYED.—The right of a judgment creditor to levy his execution upon property fraudulently conveyed, and to proceed at law to subject it to sale for the satisfaction of his debt, is not affected by the ownership of other property, by the debtor or his co-defendants, sufficient to satisfy and liable to the judgment.
4. COURT OF CHANCERY: JURISDICTION TO REMOVE OBSTRUCTIONS TO SALE OF PROPERTY UNDER EXECUTION.—A court of chancery will remove obstructions to a fair sale of property under an execution, though the property is legally liable to be sold under execution. 27 Miss. R. 516.

ERROR to the Chancery Court of Monroe county. Hon. Joel M. Acker, judge.

*Dowd* and *Sykes*, for plaintiff in error, cited *Dermult* v. *Strong*, 4 Johns. Ch. R. 688, 691; *Fowler* v. *McCortney*, 27 Miss. R. 509; 30 Miss. R. 489, 490.

*Rogers* and *Beckett*, for defendant in error.

ELLETT, J., delivered the opinion of the court.

The plaintiff in error, on the 28th of February, 1860, filed a bill in the Chancery Court of Monroe county against George W. Henderson and others, alleging that on the 28th of May, 1858, he had recovered a judgment against the defendant in error, Henderson, and F. M. Rogers, and R. H. Dalton, for $765.25, which remained wholly unpaid.

That on the 27th of May, 1857, said Henderson had conveyed certain slaves to said F. M. Rogers, in trust for said Henderson's wife. That the said Henderson was insolvent at the time, and that the said conveyance was voluntary and without consideration, and was made to hinder, delay, and defraud his creditors. That the pretended considerations expressed in the said conveyance had no existence. That the slaves remained in the possession of said Henderson until after the death of his wife, when the defendant, T. L. Rogers, was appointed guardian of his children, and took the slaves into possession. That plaintiff in error, on the 29th of October, 1859, sued out execution upon said judgment, and there being no other property on which a levy could be made, said execution was levied on said slaves, but no sale has been made on account of the cloud and incumbrance on the title, created by the said deed from Henderson to F. M. Rogers, on account of which nothing could have been realized by a sale. The bill prays that the said deed may be declared fraudulent and void, and for other relief.

The defendant demurred to the bill for several causes, all amounting in effect to this, to wit : that as complainant did not allege the insolvency of F. M. Rogers and R. H. Dalton, two of the defendants to the original judgment at law, there was an adequate remedy at law, and no necessity to resort to equity for relief.

The court sustained the demurrer, and dismissed the bill, from which decree the complainant brought this writ of error.

It is universally agreed that a creditor cannot go into a court of equity, to subject equitable assets, or *choses in action*, not subject to be taken upon execution to the payment of his debt, until he has first obtained judgment at law upon his debt, and issued execution, and had a return of *nulla bona*. *Farned* v. *Harris et al.* 11 S. & M. 366 ; *Brown* v. *The Bank of Mississippi*, 31 Miss. 458.

And where property legally liable to execution has been fraudulently conveyed or incumbered, the application to chancery is to remove an obstruction which prevents a legal lien from operating upon the property, and in such case the

better opinion seems to be that the creditor need only proceed at law to the extent necessary to give him a complete title, and that a judgment which acts as a lien upon the property sought to be charged, would be sufficient. *Hitzheim* v. *Deane*, 10 S. & M. 556 ; *Berryman* v. *Sullivan*, 13 S. & M. 65 ; *Fowler* v. *McCartney*, 27 Miss. 509 ; *Snodgrass* v. *Andrews*, 30 Miss. 472 ; 1 American Leading Cases, 49, 84, notes to *Sexton* v. *Wheaton* and *Salmon* v. *Bennett*, and cases cited.

Conveyances of property made with intent to hinder, delay, or defraud creditors, are declared by the statute of frauds to be " clearly and utterly void," as against the creditors affected by them. The right of the judgment creditor to levy his execution upon property so conveyed, and to proceed at law to subject it to sale for the satisfaction of his debt, cannot be denied, without any reference to the question whether the debtor possesses other property, or whether there are other defendants having property liable to the same judgment. In other words, it is not necessary, in order to justify the levy of an execution upon property fraudulently conveyed, that the plaintiff should show, or that the fact should exist, that neither the party who has made such conveyance, nor his codefendants in the judgment, have other property upon which a levy can be made, We do not mean to say that every voluntary conveyance is a fraudulent one within the meaning of the statute. The plaintiff making a levy on the property undertakes the responsibility of showing that, upon the circumstances of the particular case, the transaction is one which the law will not sanction.

In the present case, the levy has been made on the property alleged to have been fraudulently transferred, and the plaintiff comes into a court of equity to have the conveyance set aside as a cloud or incumbrance upon the title, preventing a sale of it for its value. The right to do so seems to be clear ; for although the property might be sold in its present situation on the execution at law, yet equity will not require the creditor to sell a doubtful or obstructed title at law, but will set aside the conveyance, and remove the obstructions to a fair sale. *Fowler* v. *McCartney*, 27 Miss. 516 ; 1 Am. Lead. Cases, 84.

The demurrer admits the fraud charged in the bill, and in our opinion ought to have been disallowed, and the defendants required to answer. The decree will therefore be reversed, and the cause remanded for such proceedings in the court below, in conformity with this opinion, as under present circumstances may be advised.