THOMAS GRAY and another, in equity, *vs.* THOMAS S. CHASE
and wife.

By virtue of R. S., c. 61, § 1, property conveyed to a married woman, but paid for by her husband, may be taken as the property of her husband, to pay his debts contracted before such purchase.

The fact that the husband has other property which may be reached by another process, does not oblige a creditor of the husband to pursue that course, and take that property before he can be allowed to take this.

BILL IN EQUITY heard on demurrer.

The bill alleges substantially that Thomas S. Chase, one of the defendants, in January, 1844, contracted with one King for the purchase of lot eighteen, in first range in Concord, in this county, for two hundred and fifty dollars, to be paid according to the terms of an agreement then made, and in pursuance of such agreement, Chase gave King the note of one Lowell, for two hundred and fifty dollars, taking from King a bond running to Lowell, conditioned to convey the lot in payment of the note; that the bond was taken for Chase's sole benefit, and subsequently delivered to Chase for his sole benefit, he agreeing to pay Lowell's note to King; that Chase did pay, from time to time, certain sums on the note, until one Getchell purchased King's interest in this lot with other lands, subject to Chase's right to a conveyance of lot eighteen, on paying the note;

that after Getchell's purchase, Chase paid to Getchell, from time to time, certain sums on the note, until the amount remaining due was but sixty dollars, when Chase procured one Parlen instead of Lowell to become responsible to Getchell for the balance due on the note, after which Chase either paid himself, or furnished the money to Parlen to pay the sixty dollars, so that Getchell was wholly paid on Oct. 21, 1862, when by the request and direction of Chase, Getchell conveyed lot eighteen to Dorcas Chase, the other defendant, and wife of Thomas S. Chase.

That Dorcas never paid anything toward the purchase of the land, and never had anything to pay with, but that the conveyance was procured to be made to her by the husband, for the purpose of delaying and defrauding the creditors, more particularly the complainants, and it was received by her with a full knowledge of the object and design of her husband, and with the design, aim, and purpose of aiding him in his design.

That at the time of the conveyance to her, which was by deed of quitclaim, Thomas S. Chase was indebted to sundry individuals in large sums, but more particularly to the complainants.

That the complainants commenced an action against Thomas S. Chase for the sum due them, returnable at the December term, 1861, of this court, and caused all his interest in any real estate in this county to be attached on the writ; that such proceedings were had in that suit, that, at the September term, 1862, they obtained a judgment therein against him, for three hundred and ninety-four dollars and seventy-four cents debt, and eighteen dollars and ninety-one cents, costs; that execution issued on the judgment, on the 14th of October, 1862, which they caused to be levied on lot eighteen, on the 3d of November, 1862, within thirty days of the rendition of judgment, and after full payment of the sixty dollars to Getchell, and the conveyance by him to Dorcas; that the lot was set off to these complainants at the sum of three hundred and seventy-six dollars and eighty-six cents, in part satisfaction of the execution; that seisin was duly given to the complainants under the levy, and the execution and levy duly and seasonably recorded.

That Thomas S. Chase has occupied the premises as his own, from the time of the original contract with King, and still occupies and improves the same to his own exclusive use and benefit, and prevents the complainants from entering and occupying the same.

The prayer was for answer; that the respondents might be decreed to make such a conveyance of lot eighteen as may be deemed necessary to perfect the complainants' title thereto; and for general relief.

The respondents demurred for want of equity.

*D. D. Stewart,* in support of the demurrer.

The legal title never having been in Thomas S. Chase, the levy was a mere nullity. *Haskell* v. *Hilton,* 30 Maine, 420. *Hartshorn* v. *Eames,* 31 Maine, 93.

No allegation that Thomas S. Chase had no property except this equitable interest; or that the execution had been returned by an officer unsatisfied for want of property; or that he could find no property except the equitable interest in lot eighteen.

For aught that appears, he may own an abundance of both real and personal property.

There is neither allegation nor pretence that the complainants have exhausted or even tried any of their remedies at law.

If the complainants had received judgment against the wealthiest land-owner in Maine, levied their execution on a tract, the legal title of which was never in the judgment debtor, and then asked the aid of the equity power of this court to enable them to collect their debt by proof that such judgment debtor had paid for the tract levied on, would the court act before an officer's return of *nulla bona?*

There is no presumption of law that the wealthiest man in the State has more property than Chase. The burden is on the party seeking the aid of the court sitting in equity, to show affirmatively that he has exhausted all his remedies at law. Such proof is the very foundation of the jurisdiction of the court, and without it, no jurisdiction exists. The only mode of proof is the return of an officer, that he has diligently searched for property of the judgment

debtor, and can find none, or none except that levied on. *Hartshorn* v. *Eames*, 31 Maine, 93. *Hadden* v. *Davis*, 20 Johns. 554. *Caswell* v. *Caswell*, 28 Maine, 232.

1. The legal title never having been in Thomas S. Chase, and the levy therefore void, the only mode by which the complainants could seek the interposition of this court was by placing their execution in an officer's hands, and first exhausting their remedies at law. And this could be shown only by his return of *nulla bona*. All which must be alleged to give jurisdiction. *Corey* v. *Greene*, 51 Maine, 115. *Hartshorn* v. *Eames*, 31 Maine, 93. *Webster* v. *Clark*, 25 Maine, 313. *Webster* v. *Withey*, 25 Maine, 326. See, also, as specially in point, *Griffin* v. *Nitcher*, 57 Maine, 270, and the cases there cited.

The want of the allegation that the execution has been placed in the hands of an officer, and that he had made a return of *nulla bona* upon it, is considered fatal.

2. If the allegation that the wife never paid anything toward the purchase of the land, but that the conveyance to her was procured by her husband for the purpose of delaying and defrauding creditors, more particularly the complainants; and that it was received by her with a full knowledge of the object and design of the husband, and with the design, aim, and purpose of aiding him in his design be true, then the case would fall directly within R. S., c. 113, § 47, and the complainants might maintain an action under this statute against Mrs. Chase, for aiding and assisting her husband in a " fraudulent concealment " of his property.

Such an action would afford an ample remedy at law ; and a bill in equity under such circumstances cannot be maintained. *Fletcher* v. *Holmes*, 40 Maine, 364. *Mill River Loan Fund Association* v. *Claflin*, 9 Allen, 101.

3. The allegations are not sufficient to show that the alleged levy was valid in form. The proceedings of the officer are not set out; nor are they alleged in general terms, or in any terms, to have been legal in form. It does not appear that the execution was in legal form or directed to any officer. Nor is enough set out to show a valid judgment. *Burnham* v. *Howard*, 31 Maine, 569.

· *J. H. Webster*, for the complainants, cited R. S., c. 61, § 1; *Dock-ray* v. *Mason*, 48 Maine, 178; *Low* v. *Marco*, 53 Maine, 45; *Traip* v. *Gould*, 15 Maine, 82; *Webster* v. *Clark*, 25 Maine, 313; *Harts-horn* v. *Eames*, 31 Maine, 93; *Reed* v. *Cross*, 14 Maine, 261; *Clouston* v. *Shearer*, 99 Mass. 209.

TAPLEY, J.   The demurrer admits that the husband purchased and paid for the land levied upon, and procured the conveyance of it to be made to his wife.   In such cases the property may be taken for the existing debts of the husband, as if it was his own property. R. S., c. 61, § 1.

Under the decisions of this court, construing this statute, it has been held, that when the husband never had the legal title, it must be transferred to the creditor, by means of a process in equity.

· This property being subject to the debts of the husband, may be taken by this process, and if the husband has any other property than this, the plaintiff may take that or this at his own election. The fact that he has other property, which may be reached by another process of the court, does not impose upon him the legal duty to pursue that course and take that property, in preference to this.   The defendant cannot, by means of such conveyances, elect which property shall be first applied in the payment of his honest debts.

The plaintiff in this case has done all he could do to obtain a title to this land, in part satisfaction of his claim.   He can get a title to it in no other way than that now pursued.   The levy shows he has exhausted all other means to obtain it.   The statute law gives him the right to take it.   It is the same authority which con-fers the right upon him to take other property of the husband by levy.   It is, strictly speaking, pursuing a remedy at law, finally perfected and executed through the instrumentality of a decree, obtained by an application to the court, sitting as· a court of equity

The legislature say you may take this land, as if it was the hus-band's.   They do not say you may take it if you can find nothing else, but the right to take it for such debts is as unlimited in this

particular, as the right to take any other property of the husband by levy.

The legislature having given the right, without specifically pointing out the mode, the court, after certain preliminary proceedings, provide the mode and accomplish the end, by a decree requiring the party holding the legal title to make a conveyance.

*Demurrer overruled.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and BARROWS, JJ., concurred.