# JAMES J. WILSON

v.

# GEORGE J. SPEAR AND EVA J. SPEAR.

OCTOBER TERM, 1894.

*Fraudulent conveyance. Actual intent to defraud. Debt subsequent to conveyance. Construction of Master's report. Execution sale. Delivery of deed. Execution of deed after expiration of term of office.*

1. A conveyance without consideration, made with the actual intent to defraud creditors, may be avoided irrespective of the condition of the grantor's estate at the time it was made.

2. If the conveyance is with the intent to avoid payment of a debt, part of which had already accrued and part of which is still to accrue, it is void as to the whole debt.

3. *Held,* that the finding of the master as to the payment of a consideration, amounted to finding that there was no consideration, and that the finding as to the debt sought to be avoided fairly included the entire indebtedness to the orator, although part of it accrued after the conveyance.

4. That the conveyance was to the wife does not alter the case so long as there was an actual fraudulent intent.

5. One undivided half of the real estate in question was conveyed by Parkhurst to the wife of the defendant at his request. The other half was conveyed by the defendant to Beach, and by him to the wife. *Held,* that as to the con-

veyance through B., he was not a necessary party, but that P. was a necessary party, for to set aside that deed would leave the title in him.

6.  In case of the sale of real estate on execution, it being the statutory duty of the officer to publish notice in a newspaper of a certain circulation, his return is evidence both of the fact of the publication and the character of the circulation.

7.  The failure of the officer to deliver the tax deed until after the time for redemption had passed and until after the bringing of this suit, does not bar the orator's right to relief.

8.  Nor does the fact that the deed was not executed by the officer until after the expiration of his term of office avoid the sale.

Bill in equity. Heard upon the report of a master at the May term, 1890, Windsor county. THOMPSON, Chancellor, decreed for the orator. The defendants appeal.

*J. J. Wilson* for the orator.

The conveyance was void. *Cram* v. *Stickles*, 15 Vt. 253 ; *Jones* v. *Spear*, 21 Vt. 426 ; *Church* v. *Chapin*, 35 Vt. 223.

Even as to the portion of the debt accruing after it was made. *Brackett* v. *Waite*, 4 Vt. 389 ; *McLane* v. *Johnson*, 43 Vt. 48 ; *Stearns* v. *Edson*, 63 Vt. 259.

*French & Southgate* for the defendants.

The master does not affirmatively find fraud, and this will not be presumed. *Foster* v. *Hall*, 12 Pick. 89 ; *Nichols* v. *Patten*, 18 Me. 231 ; *Blaisdell* v. *Cowell*, 14 Me. 370 ; *Elliot* v. *Stoddard*, 98 Mass. 145 ; *Field* v. *Gaston*, 12 Ia. 218 ; *Thornton* v. *Hook*, 36 Cal. 223 ; *Sutton* v. *Lockman*, 39 Mo. 91 ; *King* v. *Moore*, 42 Mo. 551.

MUNSON, J.   On the 28th of November, 1885, the de-

fendant, George J. Spear, received from one Parkhurst a
deed of one undivided half of his farm. In the fall of 1887,
said Spear purchased the other undivided half of the farm,
and had Parkhurst convey it to his wife, the defendant Eva
B. Spear. The consideration for both conveyances was
paid by George J. Spear from his own means. On the 31st
day of December, 1887, George J. Spear executed to one
Beach a deed of the undivided half conveyed him by Park-
hurst, and on the 16th day of January, 1888, Beach con-
veyed the same to Eva B. Spear.

The master finds that the defendant George had this
property conveyed to his wife, the defendant Eva, "for the
reason that he thought the same would be safer in her
hands than in his own from attachment by his creditors," of
whom the orator was one. This is a sufficient finding that
the transfer was made with intent to defraud the orator.
There is no finding that connects the defendant Eva
with the fraudulent purpose of her husband. Upon the
question of consideration, the master says he is "unable to
find" that the defendant Eva paid anything for the farm,
which cannot of itself be treated as an affirmative finding
that nothing was paid. But, as the master says in this con-
nection that the defendant husband had the same conveyed
to his wife to keep it from his creditors, it is thought by a
majority of the court that the payment of a consideration is
fairly negatived. The master also reports certain facts in
regard to the grantor's indebtedness and unconveyed prop-
erty which it will not be necessary to consider. It appears
that a part of the orator's account accrued after the convey-
ances were made, but the case will first be considered as if
the entire demand were pre-existing. We have then the
case of a voluntary conveyance, executed with an actual in-
tent to defraud an existing creditor, to be passed upon with-
out reference to the amount and availability of the property
retained.

In disposing of the question stated, it seems desirable to make some reference to the cases, in view of the frequent failure to distinguish carefully between fraudulent conveyances upon consideration and conveyances without consideration ; and, in the case of voluntary conveyances, between those which rest upon a legal inference of fraud and those where an actual fraudulent intent is shown. When the conveyance is without valuable consideration, the creditor may avoid it for the fraud of the grantor alone. *Foster* v. *Foster*, 56 Vt. 540, 548. It is only when there is a valuable consideration that fraud on the part of the grantee is essential. Such were the cases of *Root* v. *Reynolds*, 32 Vt. 139; *Leach* v. *Wood*, 41 Vt. 670; *Nichols* v. *Nichols*, 61 Vt. 426. The fraud of a voluntary grantor may be an actual fraudulent purpose, or the fraud which the law imputes to him from the condition of his estate and the necessary consequence of his act. When the grantor is found to have conveyed for the express purpose of defrauding his creditors, the condition of his estate is immaterial. *Wadsworth* v. *Williams*, 100 Mass. 126; *Botsford* v. *Beers*, 11 Conn. 369; *Gray* v. *Chase*, 57 Me. 558; *Hager* v. *Shindler*, 29 Cal. 47; *Westerman* v. *Westerman*, 25 O. St. 500; *Gormley* v. *Potter*, 29 O. St. 597; *Vasser* v. *Henderson*, 40 Miss. 519; *Edmunds* v. *Mister*, 58 Miss. 765. It is only in cases where no actual fraud appears that the conveyance can be sustained on the ground that the grantor retained sufficient property to satisfy his debts. Of this character were the cases of *Brackett* v. *Wait*, 4 Vt. 389; *Dewey* v. *Long*, 25 Vt. 564; *Church* v. *Chapin*, 35 Vt. 223; *Wilbur* v. *Nichols*, 61 Vt. 432. It appears then that the orator, as an antecedent creditor, can avoid these conveyances without other findings than that they were designed by the grantor to defraud his creditors, and were without consideration.

Upon the facts reported, the disposition of the case is not affected by the finding that a part of the account was for

services rendered after the conveyances were made. The charges were for the orator's services and disbursements as attorney in a single suit. If the conveyance was designed to defraud the orator, it was an attempt to defeat the collection of his compensation for a continuing service, rendered and to be rendered under an employment already given. It is possible that in a case of this character the entire account should be treated as pre-existing. If this would not be permissible, there is authority for saying that the orator could have relief to the extent of the pre-existing charges, notwithstanding the judgment was for more. *Henderson* v. *Henderson*, 133 Pa. St. 399; 19 Am. St. 650. It has been held, however, that one who takes a judgment covering both antecedent and subsequent claims must be treated as a subsequent creditor as to all. *Usher* v. *Hazeltine*, 5 Greenl. 471; 17 Am. Dec. 253. But, if enough appears to avoid the conveyance as to subsequent creditors, it will not be necessary to consider the questions suggested. It is said in *McLane* v. *Johnson*, 43 Vt. 48 (55), that a conveyance without consideration, and with fraudulent intent, is invalid as to both existing and subsequent creditors. But that was a case in which the fraudulent intent existed in both grantor and grantee. It is by no means universally conceded that a voluntary conveyance to an innocent grantee, void as to existing creditors, is necessarily void as to all subsequent creditors. 14 Am. St. 750, note. But a consideration of this question will be unnecessary, if it sufficiently appears that there was an actual intent to prevent the collection of the grantor's subsequent account. In view of the character of the claim, the finding of an intent to defraud the orator must be held to apply to both parts of his demand. We have then a finding of an intent to defraud the orator as a subsequent creditor. A voluntary conveyance, made with an intent on the part of the grantor to

defraud subsequent creditors, is void as to such creditors, without proof of fraud on the part of the grantee. *Laughton* v. *Harden*, 68 Me. 208. And there having been this actual intent to defraud the orator of his claim for the services to be thereafter rendered, the deed would be void as against such claim, notwithstanding the possession of other property.

Nor is a different disposition of the case required by the fact that the conveyance was to the grantor's wife. It is true that a voluntary conveyance to wife or child, which does not impair the grantor's ability to pay his existing debts, and is without fraudulent design, will be sustained. *Brackett* v. *Wait*, 4 Vt. 389; *Jones* v. *Clifton*, 11 Ott. 225. But a deed executed in actual fraud cannot be sustained on the ground that the grantee is one whom it is the grantor's duty to provide for. These conveyances were not designed to effect a settlement, but to perpetrate a fraud. The findings are inconsistent with the theory of a gift to the wife. The property was transferred to the wife because the husband thought it would be safer in her name. The actual fraudulent purpose vitiates the conveyance, notwithstanding the grantor's possession of other property, the innocence of the grantee, and the consideration of affection.

The finding that George J. Spear had the farm conveyed to his wife is regarded by a majority of the court as being, in effect, a finding that Beach took his deed of an undivided half merely to enable Spear to transfer it to his wife, and that in conveying to Mrs. Spear he passed the title as it was received. This being so, Beach is not a necessary party to a proceeding to set aside his deed from Spear, and the half which Mrs. Spear obtained through him can be reached as the case stands. *Day* v. *Cummings*, 19 Vt. 496. But the orator can have no relief as regards the half which Mrs. Spear received by deed from Parkhurst, in a proceeding to which Parkhurst is not a party. An avoid-

ance of her deed of this half would leave the property in Parkhurst, and the orator cannot avoid her title to a share which he is not in a position to obtain. This will require a reversal of the decree.

The orator's proceedings at law are clearly sufficient to entitle him to equitable relief. The levy of execution is not defective in the particulars complained of. The officer's return shows a compliance with the requirements of the statute regarding notice and adjournment of sale. The return is evidence that the newspaper in which the notice was published was one of general circulation in the vicinity. We think counsel are incorrect in saying that this is not within the rule laid down in *Swift* v. *Cobb*, 10 Vt. 282. It was the officer's duty to publish the notice in a newspaper of a certain description. His return is evidence not only that he published it in the paper named, but that the paper was such as the statute prescribed.

The failure of the officer to deliver a deed of the property until long after the expiration of the time limited for redemption, and until after the bringing of this bill, is not a bar to the orator's relief. The deed is to be given effect from the time when it should have been delivered. It is well settled that the doctrine of relation will be applied to sustain the title of the purchaser at an execution sale. *Jackson* v. *Ramsey*, 3 Cow. 75; 15 Am. Dec. 242, and note. The case cited was an ejectment suit, in which the defendant relied upon a sheriff's deed executed after the action was commenced and issue joined therein; and it was held that the deed had relation to the time of sale, and that the defendant could avail himself of it without pleading it as a matter of defense arising after issue joined.

The fact that the term of office during which the sale was made expired before the deed was executed does not render it invalid. Counsel have not referred to R. L., 860, and its application to this question need not be considered.

It is certain that an express statutory provision is not necessary to secure the complete execution of process which is being served by an officer when his term expires.  In the case of a levy upon personal property, it is universally held that the service is to be completed by the officer who made the levy, notwithstanding the close of his term.  It is generally considered that this rule of the common law is applicable to the service of executions under statutory provisions for the sale of real estate ; but some authorities hold that in the case of real estate the service must be completed by the new incumbent.  36 Am. Dec. 705 note.  The giving of a deed for land sold while in office is a part of the execution of the process which may ·be done after the expiration of the term.  *Allen* v. *Trimble*, 4 Bibb. 21 ; 7 Am. Dec. 726.  It is not necessary to determine here whether the acts required after the expiration of the term should be done by the former officer or by his successor ; for in this case the deed was given by the same person who made the sale, while he was filling the same office by virtue of a re-appointment.

*Decree reversed and cause remanded with mandate.*