LEWIS C. SPOONER v. TRAVELERS INSURANCE COMPANY OF HARTFORD.

May 19, 1899.

Nos. 11,604—(80).

| 76 | 311 |
|----|-----|
| f82 | 291 |
| 82 | 292 |

### Creditor's Bill—Equitable Assets—Pleading and Proof.

Where a creditor's suit is brought to reach equitable assets which the debtor has fraudulently transferred, the plaintiff must allege and prove that he has no legal remedy; that the debtor is insolvent, and has no other property from which his debt may be satisfied. As a rule, the best and only evidence of these facts is the return of an execution unsatisfied.

### Action by Lienholder to Set Aside Transfer—Pleading and Proof.

But where the plaintiff has acquired a legal lien on property of his debtor, and the suit is one to set aside a transfer thereof fraudulent in fact as to creditors, which is an obstruction in the way of the plaintiff's right to enforce his lien, he has the right to be placed in the same position which he would have occupied had the transfer never been made; and he is not bound, as a condition of obtaining the relief, to allege or prove that the debtor has no other property, or that he is insolvent, or that any execution has been returned unsatisfied.

### Action by Judgment Creditor—Collateral Security.

In such a case the mere fact that the judgment creditor has collateral security for his judgment does not raise any equity in favor of the fraudulent grantee, to compel the creditor to first exhaust his collateral security.

### Findings—Baldwin v. Rogers Distinguished.

Upon the findings of fact, it is *held* that the doctrine of Baldwin v. Rogers, 28 Minn. 544, and cases following it, is not applicable to this case.

Action in the district court for Stevens county to set aside the foreclosure of a mortgage as in fraud of the mortgagor's creditors, and to have plaintiff's judgment declared to be still a lien on the mortgaged premises. The case was tried before C. L. Brown, J., who found in favor of defendant, and from a judgment entered pursuant to the findings and order for judgment, plaintiff appealed. Reversed.

*John P. Rea, Marshall A. Spooner* and *Chas. L. Shelley,* for appellant.

The rule laid down in Baldwin v. Rogers, 28 Minn. 544, and followed in Horton v. Kelly, 40 Minn. 193, Blake v. Boisjoli, 51 Minn. 296, and Aultman & T. Co. v. Pikop, 56 Minn. 531, is not applicable. But even if applicable, the principle of those cases is wrong. See dissenting opinion of Canty, J., in Aultman & T. Co. v. Pikop, supra. The purpose of this action is not to enforce a purely equitable right, but to place plaintiff in a position to avail himself of an absolute statutory right. The right to redeem is a vested right, of which one can be deprived only by due process of law. Willis v. Jelineck, 27 Minn. 18; Brainard v. Cooper, 10 N. Y. 356. To apply the rule would be to deprive a creditor of the right to exercise his choice as to securities. Every one whose rights are affected injuriously by a fraudulent act of the mortgagee in foreclosure is entitled to be heard in an action to set aside and undo the wrong. 2 Pingrey, Mort. § 1389; Ford v. Olden, L. R. 3 Eq. Cas. 461; Hickes v. Cooke, 4 Dow. 16. A sale under decree of foreclosure may be set aside by bill in equity, when the sale has been fraudulently conducted to prejudice of plaintiff, even when he might have a remedy by motion in the original suit. He then has a legal and absolute right, independent of the discretion of the court. 2 Jones, Mort. § 1668; McMurray v. McMurray, 66 N. Y. 175; Wright v. Miller, 8 N. Y. 9; Jencks v. Alexander, 11 Paige, Ch. 619. See Roche v. Farnsworth, 106 Mass. 509; Drinan v. Nichols, 115 Mass. 353; Culbertson v. Young, 50 Mich. 190; Thompson v. Heywood, 129 Mass. 401; Norton v. Tharp, 53 Mich. 146; Howard v. Ames, 3 Metc. (Mass.) 308; Sager v. Tupper, 35 Mich. 134; Calloway v. Peoples, 54 Ga. 441; Gould v. Mortimer, 26 How. Pr. 167; Jones, Mort. §§ 630,

1910. Sales under power are subject to strictest scrutiny, and will be set aside for any appearance of unfairness. Hurd v. Case, 32 Ill. 45. See Mapps v. Sharpe, 32 Ill. 13; Montague v. Dawes, 14 Allen, 369.

*William C. Bicknell, Fred E. Smith* and *S. A. Flaherly*, for respondent.

Courts will not interfere to set aside a conveyance as fraudulent against creditors, if there is other property out of which the claim can be satisfied. Johnston v. Piper, 4 Minn. 133 (192); Wait, Fraud. Conv. §§ 140, 297; Dunham v. Cox, 10 N. J. Eq. 437, 467; Emery v. Yount, 7 Colo. 107; Randolph v. Daly, 16 N. J. Eq. 313, 317. The burden of showing that there was an equity in the property, which could be reached, was on plaintiff. Baldwin v. Rogers, 28 Minn. 544. If the incumbrances exceed the value of the property, so that there is nothing from which to exclude creditors, they are not injured or defrauded, and the conveyance cannot be set aside. Williams v. Robbins, 15 Gray, 590; Credle v. Carrawan, 64 N. C. 422; Bump, Fraud. Conv. (2d Ed.) 19; Rice v. Perry, 61 Me. 145; Horton v. Kelly, 40 Minn. 193; Blake v. Boisjoli, 51 Minn. 296; Aultman & T. Co. v. Pikop, 56 Minn. 531. Plaintiff would not be entitled to the relief demanded in any event. Defendant acquired the property in proceedings for enforcement of a valid debt. In an action by a judgment creditor to set aside a conveyance made with design to defraud, plaintiff is entitled to have the relief demanded only so far as the conveyance obstructs collection of the judgment. Coons v. Lemieu, 58 Minn. 99; Bostwick v. Menck, 40 N. Y. 383.

START, C. J.

This was an action by the plaintiff, a judgment creditor, to set aside a foreclosure of a real-estate mortgage on the ground that the sale was fraudulent as to the mortgagor's creditors. The trial court made its findings of fact, in which was included the special finding of the jury on the issue of fraud, and, as a conclusion of law, found that the plaintiff was not entitled to any relief, and ordered judgment for the defendant on the merits. Judgment was so entered, and the plaintiff appealed. The record contains no settled case or bill of exceptions, and the assignments of error are to

the effect that the conclusions of law and judgment are not supported by the facts found.

The trial judge and jury found substantially these facts: On and prior to April 15, 1886, Mary J. Walker was the owner of the section of land described in the complaint, and on that day executed to the defendant her promissory note, and thereby promised to pay to it the sum of $5,000 in five years, with interest payable annually at the rate of 8 per cent. per annum. She and her husband executed a mortgage on her land to secure the payment of the note. Default was made in the payment of the mortgage debt, and the defendant proceeded to, and did, foreclose the mortgage by advertisement, and purchased the mortgaged premises at the foreclosure sale on May 4, 1895. The usual certificate of sale was executed to it by the sheriff, which was duly recorded. The defendant intentionally included in its notice of mortgage sale, and bid at the sale, an amount exceeding by at least $200 the amount actually due on the mortgage in question, pursuant to an agreement with the mortgagors to do so for the purpose of hindering and deterring bidders at such sale, and preventing and deterring subsequent lienholders from redeeming from such sale.

The mortgagors were at this time indebted to the plaintiff in the sum of $329, for which he thereafter, on July 29, 1895, recovered a judgment against them. The judgment was duly docketed in the county wherein the mortgaged premises are situated. The judgment has never been paid, but after the commencement of this action the judgment debtors executed a chattel mortgage on personal property owned by them, for the purpose of securing the payment of the judgment and other indebtedness, amounting in all to the sum of $2,000, and also, for the same purpose, assigned to him certain school-land certificates. The value of the property covered by the chattel mortgage, or of the certificates, was not proved. The plaintiff did not show that he had attempted to satisfy his debt from this collateral security, or that he was unable to collect his judgment by a levy upon property other than the land covered by defendant's mortgage. With respect to the amount claimed in the notice of sale in excess of the sum actually due, the trial judge incorporated the following statement in his finding:

"The court has not gone carefully into the evidence on the subject of payments, and does not find the correct amount of such excess, because the correct or precise amount is not deemed material."

It also appears from the trial court's memorandum that the basis of its conclusion of law was that the action is, in effect, one to set aside a fraudulent transfer of the debtor's property, and subject it to the payment of his debt; that, to maintain such an action, the creditor must show that he has no other remedy at law; and that in this case it was not shown that the debtor was insolvent, or that she had not other property out of which the plaintiff might collect his debt, or that his collateral security was inadequate. This is also the ground upon which the defendant's counsel seek, on this appeal, to justify the conclusions of law of the trial court; but they further insist that the plaintiff was bound to show that the mortgaged premises were worth more than the incumbrance at the time of the foreclosure sale. If the plaintiff was bound to show these matters before he would be entitled to have the transfer set aside, it necessarily follows that the conclusions of law of the trial court are sustained by the findings of fact, for there were no findings as to such matters.

Where a creditor's suit is brought to reach equitable assets which the debtor has fraudulently transferred (that is, property to which he has no legal title whatever, but only an equitable interest), the plaintiff must allege and prove that he has no legal remedy; that the debtor is insolvent, and has no other property from which his debt may be satisfied. The best, and, as a rule, the only, evidence of these facts, is the return of an execution nulla bona. In such a case the creditor's legal rights have not been affected by the fraudulent transfer, and, before a court of equity will set it aside, the creditor must show that it has jurisdiction, by establishing the fact that he has no adequate remedy at law for the collection of his debt, or, in other words, that he has no way of securing payment of his debt except out of the debtor's equitable assets. But where the plaintiff has acquired a legal lien on property of his debtor, and the suit is one to set aside a transfer thereof made for the purpose of defrauding creditors, which is an obstruction or impediment in the way of the plaintiff's enforcing his legal right to subject the

property to his lien, he has the right to be placed in the same position which he would have occupied had the transfer never been made; and the grantee, because of the fact that his title is tainted with fraud in fact, has no right to say that all other means to satisfy the debt shall be exhausted before he shall be disturbed in his title. Hence, in such an action, the plaintiff is not bound to allege or prove that the debtor has no other property out of which the debt can be satisfied, or that the debtor is insolvent, or that an execution has been returned nulla bona.

The statute (G. S. 1894, § 4222) makes all such conveyances void as to creditors, irrespective of the question whether the debtor has other property; and, when the creditor once acquires a lien on the property so transferred, the lien itself is sufficient to confer jurisdiction upon a court of equity to set aside the transfer as an obstruction to the enforcement of the plaintiff's legal rights. 5 Enc. Pl. & Pr. 498; 2 Bigelow, Frauds, 80; Bump, Fraud. Conv. § 552; Wadsworth v. Schisselbauer, 32 Minn. 84, 19 N. W. 390; Massey v. Gorton, 12 Minn. 83 (145); 90 Am. Dec. 289, note; Weigtman v. Hatch, 17 Ill. 281; Vasser v. Henderson, 40 Miss. 519; Gray v. Chase, 57 Me. 558; Westerman v. Westerman, 25 Oh. St. 500; Gormley v. Potter, 29 Oh. St. 597.

The distinction between a creditor's bill proper, to reach equitable assets of the debtor, and an action to set aside a transfer of land fraudulent in point of fact, which is an obstruction to the enforcement of the creditor's legal lien on the property, is well defined. In the former case the creditor must show that he has no other remedy, but in the latter he is required only to show that he has a lien on the property, the enforcement of which is obstructed by the fraudulent transfer. Purely voluntary conveyances, where no fraud in point of fact was intended, seem to be an exception to this rule. The distinction is well shown in Wadsworth v. Schisselbauer, supra, in which, at page 86, it is said:

"In the latter class of cases, the prevailing doctrine is that it is not necessary to allege that an execution has been returned unsatisfied, or that the debtor has no other property out of which the judgment can be satisfied; for that is not the ground upon which the court of equity assumes to grant relief in such cases, but upon

the theory that the fraudulent conveyance is an obstruction which prevents the creditor's lien from being efficiently enforced upon the property. As to him the conveyance is void, and he has a right to have himself placed in the same position as if it had never been made. The fact that other property has been retained by the debtor may be evidence that the conveyance is not fraudulent; but, if the grantee's title be tainted with fraud, he has no right to say that all other means to satisfy the debt shall be exhausted before he shall be disturbed."

In Botsford v. Beers, 11 Conn. 369, 375, the court, with reference to this subject, said:

"And we have yet to learn that it is any defense, either at law or in chancery, that there are other lands which might have been taken; and that the debtor is not insolvent. All this may be very proper evidence to show that the conveyance was not fraudulent. But upon what principle it is that these facts can be set up by a fraudulent grantee to protect a conveyance admitted to be fraudulent we are at a loss to discover."

The case of Johnston v. Piper, 4 Minn. 133 (192), relied on by the defendant in support of the claim that plaintiff was bound to show that the debtor had no other property from which his debt might be satisfied, is not in point. What was said in this respect in the opinion in that case was dictum,—a statement of the rule as to creditors' bills proper, to reach equitable assets.

It is practically conceded, as it must be, that the facts found by the trial court, and the verdict of the jury, show that the foreclosure sale in this case was in fact fraudulent as to creditors, and therefore void as to them. The plaintiff was a creditor of the mortgagor at the time of the sale, and acquired a legal lien on the land so transferred, by docketing his judgment; and he brought this action to remove the fraudulent conveyance, as an obstruction to the enforcement of his lien. He has the right to be placed in the same position as he would have occupied if the transfer had never been made, and the findings and verdict are sufficient to entitle him to that relief. The fact that the findings do not include a finding that the debtor has no other property, and is insolvent, affords no ground for denying to plaintiff such relief. The mere finding that since the commencement of this action the plaintiff has taken col-

lateral security for the payment of the judgment, with other indebtedness, without any finding that the security is adequate, does not raise any equity in favor of the defendant, the fraudulent grantee, to compel the plaintiff to first resort to his collateral security before enforcing the lien of his judgment. It is familiar law that the holder of collateral security is not confined to such security, but may make his debt out of any of the debtor's unexempt property, unless special facts are shown rendering it inequitable to permit him to do so. See 5 Enc. Pl. & Pr. 530.

Lastly it is claimed by the defendant that the findings are insufficient to entitle the plaintiff to any relief, because there is no finding that the property upon which the plaintiff's judgment is a lien was worth more than the amount of the prior mortgage thereon, and that the burden of establishing this fact was upon the plaintiff. Counsel, in support of this claim, rely upon the cases of Baldwin v. Rogers, 28 Minn. 544, 11 N. W. 77; Horton v. Kelly, 40 Minn. 193, 41 N. W. 1031; Aultman & T. Co. v. Pikop, 56 Minn. 531, 58 N. W. 551. It is urged on behalf of the plaintiff that these cases are unsound in principle, and ought to be overruled, if the court holds that they are applicable to this case. It is not necessary to determine whether the doctrine of the case of Baldwin v. Rogers, and the cases following it, is correct on principle, or not, for the findings do not bring this case within it. The doctrine of the cases referred to, as stated in the opinion in Baldwin v. Rogers, at page 550, is this:

"If  *  *  * it is beyond question that the incumbrances exceed the value of the property, so that there is nothing left  *  *  * from which to exclude his creditors, they are not injured or defrauded; and as the conveyance, therefore, in no way affects them, it is not fraudulent as to them, and they cannot have it set aside."

There is no finding in this case that the amount of the mortgage exceeded the value of the land. On the contrary, the trial court found that it sold at the foreclosure sale for a sum exceeding the amount due on the mortgage by at least $200. Therefore the findings do not bring this case within the doctrine of Baldwin v. Rogers.

Our conclusion is that, upon the findings in this case, the plain-

tiff is entitled to have the foreclosure sale set aside as to him, thereby placing him in the exact position in which he would have been if the fraudulent sale had never been made. The sale is valid as between the mortgagor and mortgagee.

It is therefore ordered that the judgment appealed from be reversed, and the cause remanded, with direction to the district court to amend its conclusions of law, to the effect that the plaintiff is entitled to judgment setting aside the foreclosure sale as to him only, and enter judgment accordingly.