E. W. GIBSON ET AL. *v.* CARMEN M. STOWELL ET AL.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed August 28, 1919.

*Execution Sale—Sheriff's Deed Relates Back to Time of Sale—*
*Attorney and Client—Priority of Lien Over Attachment—*
*Defence of That Relationship Not Available to Third Per-*
*son.*

C. had a lien on real estate which was sold at sheriff's sale under order
of the court for its satisfaction. Prior to the sale it was agreed
that plaintiffs, C.'s attorneys, should purchase the property and
hold the same for her subject to the payment of their fees and ex-
penses and other indebtedness of C. S., plaintiffs' agent, bid off
the property for them in his own name. Later, on the expiration
of the redemption period, the sheriff conveyed the property to S.,
and S. immediately quitclaimed to plaintiffs. After the sale, and be-
fore the execution of the deeds, B. attached the property and
trusteed the sheriff and S. *Held,*

(1)    That the sheriff's deed to S. related back to the time of the sale,
and in equity the title vested in the plaintiffs from that date;

(2)    That the lien of the plaintiffs was superior to the attachment
lien of B.;

(3)    That C. having raised no objection to plaintiffs' claims on the
ground of the relation of attorney and client, B. could not avail
himself of any such disability, if it existed.

APPEAL IN CHANCERY. Bill to determine the rights of the
respective parties to the real estate therein described. Heard on
the special master's report after the April Term, 1918, Windham
County, *Fish,* Chancellor. Decree for the plaintiffs. Defendant
Delbert A. Boynton appealed. The opinion states the case.

*Chase & Chase* and *J. G. Martin* for defendant Delbert A.
Boynton.

*E. W. Gibson* and *W. R. Daley* for the plaintiffs.

MILES, J. The only question here raised, as stated by the defendant, Delbert A. Boynton, in his brief, is whether he has a lien upon certain real estate in Londonderry, Vermont, for the payment of a debt due him from the defendant Carmen M. Stowell, which is superior to a lien claimed by the plaintiffs upon the same real estate.

Carmen M. Stowell is. the wife of George C. Stowell. Some time previous to January 1, 1915, George C. was the owner of the real estate in question, but at this time the title was in Richard Bennett, Jr., one of the defendants named in the bill of complaint. Prior to January 1, 1915, George C. and Carmen M. separated and were then living apart. At some time previous to the September term, 1915, of the Windham county court, a petition was brought by Carmen M., returnable to that term of court, against George C., for separate maintenance and support for herself and minor children. On the 19th day of November, 1915, the Windham county court granted the petition, giving to the petitioner the care, custody, and education of the minor children, and making an order upon George C. for the payment to the petitioner of the sum of $3,000 on or before November 25, 1915, and charging the real estate in question with a lien for its payment. George C. failed to pay as ordered, and on January 6, 1916, Carmen M. petitioned a superior judge for the sale of said real estate at public auction for the satisfaction of said order. The petition was granted, and on January 8, 1916, execution issued and was levied January 12, 1916, and the property was sold on the execution March 13, 1916, and the execution returned March 17, 1916, showing the sale was made to W. D. Smith for three thousand dollars. No deed was given by the sheriff who sold it, until September 30, 1916, when the deed was made out to W. D. Smith, who on the same day quitclaimed the same to the plaintiffs Gibson and Daley, for whom Smith acted in the purchase of the real estate at the sheriff's sale.

Before the sale was made, Carmen M. requested Gibson and Daley to bid the premises off for the sum of three thousand dollars, and to hold the same for her subject to their fees, expenses, and disbursements, and expenses, fees, and disbursements of the plaintiff, Goodhue, and the officer's fees for making the sale; and it was then and there agreed between Carmen M. and Gibson and Daley that Gibson and Daley should bid off the premises as requested by Carmen M., and that, in case the prop-

erty was sold to them for the three thousand dollars, they should hold it for Carmen M. subject to the payment of what she owed them and Goodhue and for the payment of the expense of the sheriff's sale. Smith bid the property off for three thousand dollars, for Gibson and Daley, according to the agreement; but, when the deed was made out, it was made to Smith who bid off the property, who on the same day quitclaimed the property to Gibson and Daley, as already stated. The total debt due the plaintiffs, Gibson, Daley, and Goodhue, which the chancellor held was secured upon the premises in question, is $1,371.61 as of November 13, 1917.

On March 28, 1916, defendant Boynton brought suit against Carmen M. and attached said real estate as her property, and at the same time trusteed Clifford E. Mann, the sheriff who sold the property, and W. D. Smith who bid it off for the plaintiffs. Afterwards that suit passed into a judgment amounting to $1,201.89, which the defendant claims is, by virtue of his attachment, a lien upon the premises in question, superior to that of the plaintiffs.

It is to be noticed that both parties claim title from the same source and rest their claims upon the ground that the sheriff's sale vested, at least, an equitable title to the premises in Carmen M., and whatever title the plaintiffs or Boynton have in those premises rests upon her title. This renders it unnecessary, in disposing of the case, to go back of the sheriff's sale. Starting there, the case shows that Carmen M. had a lien upon the real estate in question under the order of the court in the proceedings for separate maintenance. Stowell being in default, the court ordered the premises to be sold as on execution. By a previous arrangement, the plaintiffs through their agent, Smith, bid them off for Carmen M. at the amount she was entitled to receive. When the redemption period expired, the sheriff conveyed to Smith and he to the plaintiffs, the real purchasers. The sheriff's deed to Smith related back to the time of the sale, and in equity the title in the plaintiffs vested from that date. *Wilson* v. *Spear*, 68 Vt. 145, 151, 34 Atl. 429; *Jackson* v. *Ramsay*, 3 Cow. (N. Y.) 75, 15 Am. Dec. 242, and exhaustive note. By the agreement of the plaintiffs with Carmen M. they held the title in trust for her, subject to the payment of the sums due the plaintiffs, which have not yet been paid. Carmen M. raises no objection to the claims of the plaintiffs on the ground of the relation of

attorney and client; and Boynton, the attaching creditor, cannot avail himself of any such disability, if it exists.  He must stand or fall on his claim of priority of his attachment over the plaintiffs' right under their deed from the sheriff.  The fact that the plaintiffs' deed related back to the date of the sale, which antedated Boynton's attachment, disposes of his claim to priority.

*Decree affirmed, and cause remanded.*