————o————

### The Administrator of John Martin vs. Edward Martin.

That an administrator cannot avoid the deed of his intestate by showing the same to have been made to defraud the creditors of the intestate, though there be no other fund from which their debts can be paid.

THERE was a jury trial in this cause, and a verdict for the defendant, and the following exceptions were taken to the decision of the court rejecting testimony offered by the plaintiff, and the cause was argued this term upon the said exceptions.

" This was an action of *ejectment* to recover the seizen and pos-
" session of certain lands in the town of *Huntington,* to which the

Chittenden, Jan. 1828.  } " defendant pleaded the *general is-*
*Adm'r of J. Martin* vs. *E. Martin.* } " *sue,* as by the writ and pleadings
" will appear.  It was admitted that the plaintiff was the administra-
" tor of the said *John Martin.*

" The plaintiff then offered to prove, that the said *John Mar-*
" *tin* for many years before his death, and until the time of his
" death, was seized of the premises demanded, living thereon and
" occupying it as a farm ,and died in the possession thereof—that the
" said *John* died insolvent—that the land in question was inventoried
" as the property of the said *John,* and that the same was wanted to
" pay the demands allowed against the estate of the said *John*—that
" the said defendant claims the said premises by virtue of a deed
" from *Alexander Fraser,* and that the said *Fraser* claimed to hold
" by virtue of a deed from the said *John,* which deeds are made
" part of the case.   And the plaintiff further offered to prove that
" the said deed from the said *John* to the said *Fraser* was fraudu-
" lent, being executed without any consideration, and for the
" purpose of defrauding the creditors of the said *John.*   To the
" introduction of which evidence the defendant objected, and
" the court rejected the testimony on the ground that it was not
" competent for the administrator to impeach the deed of his in-
" testate."   To which decision of the court the plaintiff excepted.

The counsel for the plaintiff contended,

1. That the possession of the intestate was *prima facia* suf-
ficient to enable plaintiff *to* maintain this suit.   *Stat.* 344.

2. That the deed from the said *John,* to the said Fraser
being executed without consideration, and for the purpose of a-
voiding the claims of the creditors of said *John,* was void.—*Stat.*
266.

3. That the administrator is not bound by this void deed, but
in behalf of the creditors will be permitted to avoid it.

This is probably the important question in the case.   It is said
that no man can set aside his own contract because it was fraud-
ulent.   But contracts having for their object the commission of
any crime, cannot be enforced, and the party may successfully re-
sist them.   So too all usurious contracts may be avoided.   What
is then the principle by which a party is precluded from resisting

his contract ?   It is not because he                 Chittenden, Jan. 1828.
cannot set forth the fraud, for in   *Adm'r of J. Martin* vs. *E. Martin.*
many cases he can; neither can the maxim *that no one shall
take advantage of his own wrong* be interposed; for in some cases,
as usury and the like, this is allowed ; but it is believed the answer
may be found in the solution of another enquiry, how far any one
is estopped by his own act.   On this point we learn, that "it is a
" doctrine not to be favored, as its tendency is to prevent the in-
" vestigation of truth."— *Co. Lit.* 352.

Estoppels must be mutual, otherwise neither party is bound;
and a deed poll will not be an estoppel.—4 *Bac. Ab.* 190.—*Co.
Lit.* 476, 352.—*Cro. Eliz.* 37.

Parties and privies, it is said, may be estopped, but this doc-
trine does not apply to the administrator, and particularly to ad-
ministrators in this country.   In *England* the personal estate is
vested in the Executor, and whatever balance remains after pay-
ment of debts, become his ; but with us the administrator has no
beneficial interest, but he stands in the character of an agent for
those who have claims against the estate by way of debts, legacies
or otherwise.   The law considers the estate as assigned, and the
administrator is the creature of the Judge of Probate, acting for
the benefit of those concerned according to a system of artificial
rules.

It is admitted that all fraudulent conveyances are void as to
creditors, and the enquiry returns how are they to avail themselves
of this provision ?  Can they do it by one suit in the name of their
mutual and legally authorized agent, the administrator, or must they
be turned over to a suit in the name of each individual creditor ? But
how are the creditors to maintain their suits ?  When one inter-
meddles with the personal property, he may be sued as *executor de
son tort* :  but how are they to sustain suits against a *disseizor* to
recover the possession of the land?  Why, forsooth, they are to
bring their bill in chancery to compel him to disgorge his ill got-
ten gain, and thus rely on the conscience of a villain.

The counsel for the defendant argued,

That neither the intestate nor his heirs, nor any other person,
not having legal rights, paramount to his, can set aside his con-
tracts especially for his benefit, by reason of fraud on his part.—

Chittenden, Jan. 1838.

*Adm'r. of J. Martin* vs. *E. Martin.*

The administrator represents his intestate for certain specific purposes—the payment of debts, and the distribution of the surplus estate; and although his authority is not derived directly from his intestate, yet the extent of that authority is to be measured by the rights and powers of the intestate himself. The administrator can, in no instance, exercise any greater power over the effects, rights or credits of his intestate, than the intestate himself could have done. But it is said the administrator, especially in the case of an insolvent estate, is a trustee for the creditors, and may, therefore, for their benefit, avoid, for fraud against them, the contracts of his intestate.

He is not such trustee by the common law, for the claims of creditors are adverse to him, and he is a necessary adverse party in all suits by creditors, whether in law or in equity. In all things he stands in the place of his intestate.—*Cro. Jac.* 271, *Hawes* vs. *Leader.*—7 *Johns.* 161, *Osborne* vs. *Morse.* The statute does not prescribe the duty, or define the legal character of an admintrator, but leaves him in most respects as at common law.— There is the same opposition of interest between him and the creditors as at common law, and the statutory provision, that administration may be granted to a principal creditor on failure of application by the widow, or next of kin, does not seem intended to alter in any respect the legal character or powers of the administrator; but simply to indicate the person to be appointed, upon default of application by the widow or next of kin; and upon the same principle, that letters are in the first instance to be granted to the widow or next of kin, to give those most interested in the preservation and prudent management of the estate, an opportunity to watch over its protection.—*Rev. Stat.* 338.—1 *Chip. Rep.* 334. An administrator has no greater powers than an executor. An executor derives his authority immediately from his testator; and it is absurd to contend that one acting by delegated authority, should be obliged or allowed to invalidate the acts, or avoid the contracts of his principal. The creditors are not without remedy; they may be remedied by a bill in Chancery; 1 *Chip. Rep.* 335, *Peaslee* vs. *Barney*, or by action on the statute against the party to the fraudulent conveyance.—*Rev. Stat.* 266. Or, at (least,

when letters are taken out by a $\quad$ Chittenden, Jan. 1828.
principal creditor,) by treating *Adm'r. of J. Martin* vs. *E. Martin.*
the fraudulent conveyance as a nullity, in settling the estate.

But if the administrator can avoid the deed as between the intestate and the grantee party to the original fraudulent conveyance, he cannot impeach it as against a subsequent, *bona fida* purchaser; because, a deed, fraudulent in its creation, may by matter *ex post facto* become good. (As if A make a fraudulent feoffment to B. and B enfeoff C. for a valuable consideration and afterward A also for a valuable consideration enfeoff D.—*Siderfin*, 134.—*Salk.* 344, *Hussay* vs. *Jacob*—3 *Mass.* 541, *Gow.* vs. *Brewer.*—1 *Id.* 296, *Connecticut* vs. *Bradish.*—16 *Id.* 406, *Trull* vs. *Bigelow;* and if good against a subsequent purchaser for valuable consideration, *a fortiori*, it would be good against creditors or those claiming for their benefit. Upon a review of the cases, the general principal upon this point seems to be, that in order to avoid a deed for fraud, the fraud must be shown home to those against whom the deed is sought to be avoided, whether they be the immediate grantees, or claiming under them.—14 *Mass.* 245, *Bridge* vs. *Eggleton.*—12 *Id.* 456, *Harrison* vs. *Trustees Phill. Acad. and other cases above referred to.*

HUTHINSON, J. delivered the opinion of the court. The only question presented in this case is, whether the court decided correctly in excluding the testimony offered by the plaintiff, to prove that the deed from the intestate set up by the defendant, was executed for the fraudulent purpose of defeating his creditors in the collection of their debts ? If this were admissible at all, it would not avail as against the defendant, unless accompanied with testimony to show him conusant of the fraud before or at the time of his purchase. This is urged as a point in the defendant's brief, and has been so long and so repeatedly decided as not to be considered *vexata questio ;* and the case does not state any offer of the plaintiff to prove the defendant conusant of this fact. This would seem a defect in the statement offered. But that which the plaintiff's counsel have urged will be considered. Our statutes, see *p.* 171, *sec.* 14, and *p.* 266, *sec.* 7, render fraudulent conveyances void as against the person whose right, debt or duty is intended to be avoided ; but not so with regard to the person

Chittenden, Jan. 1828.

Adm'r. of J. Martin vs. E. Martin.

conveying. He is not permitted to avail himself of his own wrong to avoid his deed. It would not be good policy to hold out such inducements to fraudulent contracts, as to suffer a man to transfer his property to avoid payment of his debts, and, when that object is gained, recover back his property. This is neither admitted by statute nor common law. The property thus conveyed is fatally gone from the person conveying. The plaintiff claims as administrator, and for the benefit of creditors; and this is urged as the only method by which the creditors can exert their right over the property thus conveyed to their injury. But the court consider that the powers of the administrator extend only to the rights which the deceased possessed at the time of his decease. He literally represents the deceased for all the purposes of collecting and paying his debts and settling his estate, and can recover as administrator in no case in which the intestate could not have recovered were he living. The court are not called upon to decide whether the creditors have any remedy upon the facts in this case. There would be great difficulties in any action at law. For they can maintain no action for the land without first obtaining a title by a levy, and in order to that, they must bring an action against the administrator; and this is prevented by the insolvent representation, unless in a very improbable occurrence which would render the administrator liable in his own right.

If no remedy at law can be devised, that will afford one reason for applying to the court of Chancery, whose decision might do justice to the creditors, without the absurd consequence of giving the surplus, if any, to the heirs of the intestate who had thus fraudulently conveyed. But the court are not disposed to anticipate all the difficulties that might be raised to an application in Chancery, nor all the ways in which the same might be obviated; yet that course appears at present more plausible than any action at law.— However, whether there may or may not be another and better remedy, this action, in favor of the administrator connot be maintained against the deed of his intestate, which conveyed all his right to *Frazer*, under whom the defendant shows title. The testimony offered by the plaintiff was correctly excluded, and judgment must be entered according to the verdict.

*Adams*, for the plaintiff.

*Bailey*, for the defendant.