JONATHAN FOSTER *v.* WILLIAM McGREGOR AND WILLIAM R. STILES.

CALEDONIA,<br>*July,*<br>1839.

The sale of property exempt from attachment and execution, is valid against the creditors of the vendor without a change of the possession.

THIS was an action of trover, for one cow. Plea, general issue, and trial by jury. Upon the trial in the county court, it was admitted that on the 14th of November, 1837, the cow in question was the property of one Royal Bean, and that, on that day he executed to the plaintiff a bill of sale which is referred to as part of this case. It appeared that at the time of the sale, and up to the time of the attachment by the defendant, on the 8th of January, 1838, the cow in question, was the only cow of said Bean, that the cow never came into plaintiff's possession in fact, and was attached by the defendant, McGregor, as an officer at the suit of the defendant, Stiles, against Bean, and taken out of Bean's possession, and that the defendants refused to give her up to the plaintiff. At the time, or just before she was attached by the defendants, Bean told Stiles that he had sold the cow to the plaintiff, and the manner of the sale, and that he might attach the cow if he pleased, and under these circumstances the defendants did attach and detain the cow.

The court instructed the jury that upon this evidence the plaintiff was entitled to recover, and the jury returned a verdict accordingly. The defendants excepted.

*B. N. Davis*, for defendants.

*J. R. Skinner*, for plaintiff.

The opinion of the court was delivered by

BENNETT, J.—It has long been the law in this state, and has been most undeviatingly adhered to, that upon the sale of personal property, there must be a delivery, and a substantial and visible change in the possession, or the sale is fraudulent and void against creditors.

The principle is, that the continuance of the vendor in the possession of the property after the sale, tends to give him a false credit, and enables him to impose upon third persons; and the rule of law requiring a change of possession is well calculated to prevent fraudulent sales, and is founded

CALEDONIA,
July,
1839.

Foster
v.
McGregor &
Stiles.

upon the soundest policy. No matter how honest the transaction may be, in point of fact, the law, from principles of policy, pronounces it fraudulent *per se*, and void.

But the case now under consideration is one where the property sold was not liable to attachment, or execution, at the suit of any of the creditors of Bean, and there is no reason why a change in the possession should be indispensable to a valid sale as against creditors, any more than as between the parties. Creditors could have no claim upon this cow, as a means of satisfying their debts, and it is idle to talk about acquiring a false credit from the possession of property which is exempt from attachment and execution. No principles of policy requires a change in the possession of such property. It must be as valid against creditors, as against the parties themselves without such change.

It has been said, in the argument, that the statute exemption of this cow from legal process, is a personal privilege, and that no one can avail himself of it but Bean himself. But this case does not depend upon the question, whether, where property is taken on execution which is exempt therefrom, any one but the debtor can avail himself of such exemption ; but, upon what is the effect of leaving such property in the possession of the debtor after sale. Does it enable the debtor to acquire a false credit ? And is it against sound policy as opening the door to fraud ? We think not, and that this case should furnish an exception to the general rule on this subject.

The judgment below is, therefore, affirmed.