## FAIRBANKS *v.* BENJAMIN.

*Pauper.   Fraudulent Judgments.   Gen. Sts. c. 113, s. 32.*
*Sheriff's Sale.*

On September 7, 1873, plaintiff obtained judgment against G., and took and sold
property on the execution, and bid it off at the sheriff's sale.  On August 9, 1875,
G. applied to the defendant, overseer of the poor of W., for aid, and was taken as a
pauper chargeable to that town.  At the same time the defendant, with G's con-
sent, took the property in question as partial indemnity for G's support.  In tres-
pass for the property, the defendant sought to impeach said judgment on the ground
that at the time of its rendition G. was likely to become chargeable to said town as
a pauper.  *Held,* that G. was then under no "right, debt, or duty" to the town
within the meaning of s. 32, c. 113, Gen. Sts., against fraudulent conveyances and
judgments, and that the judgment could not be impeached on that ground.

In trespass for property to which plaintiff claimed title under a sheriff's sale, it ap-
peared by the return that the officer advertised the property for sale at a certain
hotel, and on the day advertised for the sale, adjourned it to the premises of the
execution debtor, which, it appeared, were a private farm-house, and there sold the
property.  *Held,* that as it did not appear that the place where the property was
sold was not a public place, and as the presumption was in favor of the regularity
of the officer's proceedings, it was to be presumed that the sale was regular.

TRESPASS and trover for five cows and other chattels.  Plea,
the general issue, and trial by the court, April Term, 1877,
POWERS, J., presiding.

The plaintiff introduced evidence tending to show that on July
17, 1873, he brought an action against James Godfrey, of Wol-
cott, to recover a debt of about $200, and on September 7, ob-
tained judgment therein, and took out execution, which he caused
to be levied on the property for which he sought to recover in this
action, which was all of Godfrey's attachable property, where-
upon the property was sold at sheriff's sale, and the plaintiff be-
came the purchaser thereof.

It appeared that on August 9, 1875, said Godfrey made appli-
cation for aid to the defendant, who then, and at the time of trial,
was overseer of the poor of the town of Wolcott, and was by
him taken as a pauper chargeable to that town ; and that at the
same time the defendant, with Godfrey's consent, took the prop-

erty in question as partial indemnity for the expense of Godfrey's support.

The defendant offered to prove that plaintiff's judgment and the subsequent proceedings thereon were void as against Wolcott, under s. 32, c. 113 of the Gen. Sts., and claimed also that the town had a right to impeach the same for that at the time the judgment was rendered said Godfrey was likely to become chargeable to said town. But ·the court ruled that the town could not make such defence, and excluded the evidence ; to which the defendant excepted.

It appeared that the officer advertised the property to be sold at Hubbell's hotel in Wolcott, and on the day advertised, adjourned the sale from said hotel to the premises occupied by said Godfrey, a private farm-house. The defendant insisted that the proceedings of the officer in selling the property were for that reason irregular. But the court ruled otherwise, and rendered judgment for the plaintiff ; to which the defendant excepted.

*Brigham & Waterman* and *R. F. Parker*, for the defendant.

The evidence offered to impeach the judgment should have been admitted. Our statute against fraudulent conveyances, Gen. Sts. c. 113, s. 32, is broad enough to cover this case. It is more comprehensive than 13 Eliz. c. 5, which declares void every conveyance, etc., made with intent to delay, hinder, or defraud creditors and others of their just actions, suits, etc. ; which has ever been liberally construed. *Howe* v. *Ward*, 4 Greenl. 195 ; *Sargent* v. *Salmond*, 27 Me. 539 ; *Hutchinson et als.* v. *Kelly*, 1 Rob. (Va.) 125 ; *Carlisle* v. *Rich*, 8 N. H. 44 ; *Jackson* v. *Seward*, 5 Cow. 67 ; *Clapp* v. *Leatherbee*, 18 Pick. 131 ; *Jackson* v. *Myers*, 18 Johns. 425 ; *Lillord* v. *McGee*, 4 Bib. (Ky.) 165 ; *Damon* v. *Bryant*, 2 Pick. 411 ; *Roberts* v. *Lund*, 45 Vt. 82 ; *Livermore* v. *Boutelle*, 11 Gray, 217.

By statute it is made the duty of towns to relieve and support all poor persons lawfully settled therein. Gen. Sts. c. 20, s. 1. But a person must expend his property, both real and personal, in his own support, before he can make a legal call on the town for relief. *Londonderry* v. *Acton*, 3 Vt. 122. And a town has a right, by

permission of a person chargeable, to take his property, either as a compensation for past, or an indemnity for future, expenses. *Briggs* v. *Whipple*, 6 Vt. 95 ; *Lyndon* v. *Belden*, 14 Vt. 423. Here the plaintiff avoided not only the duty but the right of the town. It is no answer to say that the pauper had not become chargeable at the time of rendition of judgment, for he was likely to become chargeable, and, as fairly appears, did become chargeable by reason of the act of the plaintiff. A fraudulent conveyance of property is invalid as to subsequent as well as to existing creditors. *McLane* v. *Johnson*, 43 Vt. 48 ; *Parkman* v. *Welch*, 19 Pick. 231; *Livermore* v. *Boutelle*, 11 Gray, 217.

The proceedings of the officer were irregular in selling the property, and of that the defendant can take advantage. Property sold by an officer is required by statute to be advertised and sold at some public place. Gen. Sts. c. 47, s. 4. The officer may adjourn the sale, in the exercise of a sound discretion, to another time and place, provided it be to a place which he was authorized to appoint as the place of sale in the first instance. *Jewett* v. *Guyer*, 38 Vt. 209.

*P. K. Gleed*, for the plaintiff.

The defendant stands on such rights as the town of Wolcott had against Godfrey on September 7, 1873, the date of the judgment. On that day Godfrey owed the town of Wolcott "no right, debt, or duty" of any kind. The town had no legal power over, nor right in his property until he became an *actual pauper*. Gen. Sts. c. 113, s. 32 ; *Carpenter* v. *McClure*, 39 Vt. 9 ; *Bessey* v. *Windham*, 6 Q. B. 166 ; *Bennington* v. *McGennes*, 1 D. Chip. 44 ; 1 Am. Lead. Cas. 46, 48.

The officer's right to adjourn his sale is well settled. *Wood* v. *Doane*, 20 Vt. 612 ; *Hall* v. *Ray*, 40 Vt. 576 ; *Jewett* v. *Guyer*, 38 Vt. 209 ; *Drake* v. *Mooney*, 31 Vt. 617. The court, in favor of the officer's return, will presume Godfrey's premises to have been a public place. *Drake* v. *Mooney*, 31 Vt. 617. An irregular sale will pass title as against the defendant. *Wood* v. *Doane*, 20 Vt. 612. The overseer has no right to take the property

because he is compelled to take the person of the pauper.   *Briggs* v. *Whipple*, 6 Vt. 95; *Lyndon* v. *Belden*, 14 Vt. 423.

The opinion of the court was delivered by

ROYCE, J.   On the 7th day of September, 1873, the plaintiff obtained judgment against James Godfrey, took out an execution upon said judgment, caused the execution to be levied upon the property sought to be recovered for in this action, and became the purchaser of said property upon the sheriff's sale of the same upon the execution.   On the 9th day of August, 1875, the said Godfrey made application to the defendant as overseer of the poor of the town of Wolcott, for aid, and was accepted by the defendant as a pauper chargeable to the town of Wolcott; and at the same time the defendant took said property as the property of Godfrey, and with his consent, as partial indemnity for the expense of his support.   The defendant claimed the right to prove that said judgment and subsequent proceedings thereon were void as against the town, and that he had a right to impeach the same upon the ground that at the time the judgment was rendered, Godfrey was likely to become chargeable as a pauper to said town, and did so become chargeable.   This claim was based upon s. 32, c. 113, of the Gen. Sts.   If the judgment could be impeached under said section, it must be upon the ground that it was made or had to avoid some right, debt, or duty that Godfrey owed to the town of Wolcott at the time it was rendered.   It is not claimed that he was at that time, nor at the time the property was taken by the defendant, indebted to the town; so the defendant cannot stand upon the ground that the judgment was had to avoid any debt due to the town.   Was it had to avoid any right or duty to the town?   In *Brooks* v. *Clayes*, 10 Vt. 54, Ch. J. WILLIAMS says: "I apprehend that the word *right* is synonymous with *debt or duty;*" and in *Beach* v. *Boynton*, 26 Vt. 725, it is said by Ch. J. REDFIELD, that *right* and *duty* are no doubt limited to such rights and duties as are of the nature of debts such as exist *ex-contractu*.   In the above cases the court was called upon to give a construction to the words *right* and *duty* as they are used in said section.   The

property was taken by the defendant at the time he, as overseer, accepted Godfrey; so that the expense that the property was taken to indemnify the town against, was what might be incurred for his future support. The obligation that rests upon towns to support their poor is imposed by statute; and when such support shall commence, and how long it shall be continued, is generally discretionary with the officers of the town having the matter in charge; and how long Godfrey might be chargeable to the town was necessarily uncertain, and the expense that the town might be put to on that account impossible of ascertainment. Hence there was not, at the time the judgment was rendered, any such fixed, definite, and certain legal liability upon the part of the town as it was entitled to be protected against. While towns are under a statutory obligation to support their poor, there is no legal liability upon the part of the party supported to reimburse the town for the support furnished. *Benson* v. *Hitchcock*, 37 Vt. 567. So that, as between Godfrey and the town, for expenses incurred for his support, there was no legal right nor duty that the town could enforce against him. Courts have been inclined to construe the statute beneficially and liberally, to meet and counteract the evils that were intended to be remedied by it; but the ground upon which the claim is made to impeach the judgment in this case, is not within its letter nor spirit.

Treating what transpired between Godfrey and the defendant at the time the defendant took possession of the property as a legal transfer or assignment of whatever interest Godfrey had in it to the defendant, it remains to inquire whether the defendant acquired any interest that was superior to the right of the plaintiff. It is claimed that the adjournment of the sale by the officer from the place where the property was advertised to be sold to the premises of Godfrey, was irregular, and that the plaintiff, having purchased the property at said sale after the adjournment, did not acquire title to it as against Godfrey. The question as to the right of an officer to adjourn a sale to some other place than the one named in his advertisement, was presented in *Jewett* v. *Guyer & Dwinell*, 38 Vt. 209, and it was there held that, while there was no such power conferred by any express provision of the

statute, the authority of an officer to adjourn a sale in the exercise of a sound and reasonable discretion had been so universally recognized in practice that it ought not now to be questioned, and that there would seem to be no reason why the place of sale might not also be changed, provided it is changed to a place which the officer was authorized to appoint as the place for the sale in the first instance.    See also *Wood* v. *Doane*, 20 Vt. 612 ; *Drake* v. *Mooney*, 31 Vt. 617 ; and *Hall* v. *Ray*, 40 Vt. 576.    In *Drake* v. *Mooney*, the return of the officer stated that the property was advertised to be sold (in part) at the dwelling houses of A. H. Griswold and S. H. Langdon ; and it was held that in construing officers' returns they were not to presume any facts to invalidate them, but were to give them a reasonable construction, and where the facts stated are as consistent with regularity as irregularity, they should hold them regular—that the presumption of law is in favor of the legality of the return, and that they would not presume that the dwelling-houses mentioned in the return were not public places ; and that the return on its face was good to pass the title.    The return in this case states that the officer sold the property at Jacob Godfrey's premises—the place to which the sale had been adjourned from Hubbell's hotel; and the exceptions state that the premises of Godfrey were a private farm-house.    It does not appear that any offer was made to show that the farm-house of Godfrey was not such a public place as the officer would have been justified in advertising the sale to be made at in the first instance ; and inasmuch as the presumption is in favor of the regularity of the officer's proceedings, we think the court was right in holding that, upon the evidence introduced, the sale was regular, and all the interest Godfrey had in the property passed by virtue of the sale to the plaintiff.    This being so, the defendant did not acquire any title to the property by virtue of the transfer or assignment from Godfrey that he could assert as against the right of the plaintiff, and his taking possession of the same was wrongful.

Judgment affirmed.