## J. R. DARLING, ADM'R,

v.

## JOSEPH AND HELEN RICKER.

MAY TERM, 1896.

*Fraudulent conveyance. Consideration. Property ex-*
*empt from attachment. Burden of proof.*

1. The conveyance of property exempt from attachment is not fraudulent as to creditors.

2. Where services had been rendered to the intestate by the grantees upon the understanding that the farm in question should be conveyed in payment thereof, which services amounted at the time of conveyance to more than the value of the farm, the conveyance would not be fraudulent as to creditors.

3. The same would be true, if a portion of the services were rendered after the conveyance and before the bringing of the suit to set aside the conveyance.

4. One who alleges that a conveyance, except possibly one from husband to wife, is fraudulent, must establish affirmatively all the facts necessary to make out the fraud.

Bill in equity. Heard upon the pleadings and a master's report at the December term, 1895, Caledonia County. Ross, Chancellor, decreed for the orator. The defendants appeal.

*Geo. W. Wing* and *J. P. Lamson* for the orator.

The conveyance was void. *Church* v. *Chapin*, 35 Vt.

223; *Strong* v. *Lawrence*, 58 Iowa 55; *Foster* v. *Foster*, 56 Vt. 540, 551.

*R. M. Harvey* and *Dunnett & Slack* for the defendants.

The conveyance was upon full consideration. *Kelly* v. *Kelly*, 63 Vt. 41; *Prout* v. *Vaughn*, 52 Vt. 451.

The court will not infer fraud. *Wolcott* v. *Hamilton*, 61 Vt. 79.

THOMPSON, J. This is a bill in equity brought by the administrator of Meribah Ricker, deceased, for the benefit of a creditor, whose claims against her estate have been allowed by the commissioners thereon and are unpaid, to test the validity of the conveyance of certain personal property and real estate to the defendants by the orator's intestate in her life. She was the mother of the defendants. She was the owner of the farm and personal property in question, and at the time of the conveyance thereof to the defendants, was owing the creditor the claims proven against her estate. From the time of her husband's death in 1870 to her decease in 1886, she and the defendants had resided together on the farm in question. During the earlier part of these sixteen years, they mutually cared for each other, but during the latter part of this time, both before and after her conveyance to the defendants in 1885, their care and work for her exceeded hers for them. For many years it was mutually understood between the defendants and their mother that she should convey the farm and transfer the personal property to them in payment for their services to her. To carry out this understanding, she conveyed the farm to them in the fall of 1885 and transferred the personal property to them the winter of 1885-6. Such coneyance of the property, was honestly made in payment of the services rendered by the defendants and without intent to defraud any one. At the time the farm was deeded it was

worth six hundred dollars and was the home farm of the orator's intestate, and she had a homestead therein.    At that time the services of the defendants for which they had not been paid amounted to six hundred and fifty dollars.    The personal property transferred, was of the value of two hundred dollars.    At the date of their mother's death, September 29, 1886, the value of the defendants' services to her was eight hundred dollars.

The orator contends that this disposition of the property by his intestate, was fraudulent as to the creditor.    There can be no fraud as against creditors in the conveyance of property exempt from attachment. · *Prout* v. *Vaughn*, 52 Vt. 459.    But waiving the question of the homestead, which was exempt from attachment at the time of the conveyance, there was then due the defendants six hundred and fifty dollars, a sum in excess of the entire value of the farm.    Hence there was no constructive fraud arising from this transaction for the mother had a right to pay them in preference to some other creditor.

There is no finding that the personal property transferred was subject to attachment at the suit of creditors.    If it was not attachable, then in any view of the case its transfer was not in law a fraud upon the creditor.    The orator alleges fraud, and on that ground seeks relief.    In general the obligation of proving a fact rests upon the party who substantially asserts the affirmative of the issue.    1 Greenl. Ev. s. 74. With the possible exception of a conveyance to the wife by the husband a party who attacks a conveyance as fraudulent as to creditors, must establish all the facts requisite to make it thus fraudulent either in fact or in law.

" The law in no case presumes fraud.    The presumption is always in favor of innocence, and not of guilt.    In no doubtful matter does the court lean to the conclusion of fraud. · * * * The facts constituting the fraud must be clearly and conclusively established.    Circumstances of mere suspicion will not

warrant the conclusion of fraud.    If the case made out is consistent with fair dealing and honesty, a charge of fraud fails."

Kerr on Fraud,. (Ed. 1872,) 382-5 ; Waite Fraud.    Conv. s. 271 ; *Bradish* v. *Bliss*, 35 Vt. 326 ; *Wolcott* v. *Hamilton*. 61 Vt. 79.    It was therefore incumbent upon the orator to establish that the personal property was attachable and thus a subject for conveyance which might be fraudulent as to the creditors.    Not having done this, he has failed to establish any ground for recovery arising from the transfer of the personal property.

Again, assuming that the personal property at the time of the transfer, was attachable, this action cannot be maintained because of such transfer, although the value of the real and personal property, at the time of the conveyance was in excess of the sum then due the defendants, because the case shows that at the date of the death of orator's intestate and before the commencement of this suit, the value of the services of the defendants in payment of which it had been understood for many years such conveyance should be made, amounted to a sum equal to the value of all the property conveyed.    This phase of the case was so recently and fully discussed in *Kelsey* v. *Kelley*, 63 Vt. 41, that there is no occa- to renew the discussion here.

*Decree reversed and case remanded with mandate to dismiss the bill with costs to the defendants.*