MARTIN S. VILAS *v.* JOHN SEITH ET AL.

November Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed March 24, 1936.

*Martin S. Vilas, pro se.*

SLACK, J.   After an opinion was handed down in this case plaintiff asked and had leave to reargue the case, pending which the entry order has been withheld.

The suit is in equity brought under P. L. 2293 to set aside a conveyance of real estate alleged to be in fraud of plaintiff's rights as a creditor of defendant Seith.   Cummings did not appear and as to him the bill was taken as confessed.   Seith appeared and filed an answer denying each and every allegation of the bill.   The case was heard on the merits by a chancellor who found and stated the facts, and entered a decree thereon dismissing the bill as to Seith, with costs, from which the plaintiff appealed.

The plaintiff took various exceptions during the trial, but no bill of exceptions was signed and filed as required by statute, P. L. 1269, 2068; consequently such exceptions are not before us.   *Stevens* v. *Flanders et al.*, 103 Vt. 434, 154 Atl. 673; *Fire Dist., etc.* v. *Graniteville Water Co.*, 102 Vt. 511, 150 Atl. 459; *Gray* v. *Brattleboro Trust Co.*, 97 Vt. 270, 122 Atl. 670. It follows that the only question for consideration is whether the decree is supported by the findings.   *Stevens* v. *Flanders et al., supra; Gray* v. *Brattleboro Trust Co., supra; Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 153 Atl. 205.

The material findings are, in effect, these:   Plaintiff brought suit against Seith, July 11, 1933, before E. A. Ashland, a justice of the peace, and obtained judgment therein August 23, 1933, for one hundred dollars damages and five and 28/100 dollars costs.   The day following an execution was issued on such judgment which the officer's return shows was levied on certain real estate owned by Seith, in the city of Burlington, September 14, 1933, and that a certified copy thereof was filed in the city clerk's office the next day.   Ashland was a witness for the plain-

tiff at the hearing below and produced in court his files in the above mentioned case, including the execution. He testified that he had no memory of the return of the execution to him but that it bore a notation in pencil: "Received from Vilas 11-1-33." No part of plaintiff's judgment has been paid or satisfied.

On April 2, 1933, Seith conveyed to his grandson, defendant Cummings, by warranty deed which was duly recorded, certain real estate in the city of Burlington. All that appears in the findings regarding this conveyance is the following: "That when the defendant conveyed the real estate to his grandson, the grandson was 21 years old, that he then had no money or other property, that the only claim of the defendant of consideration passing from his grandson to him for the real estate so conveyed was for the alleged services of his grandson in caring for the deceased wife of the defendant when this grandson was 15, 16 and 17 years of age." The findings further state: "The plaintiff claims that the real estate, which was the only property then owned by the defendant, John Seith, was conveyed to his grandson, George Cummings, in fraud of the creditors of the defendant, John Seith. But from the evidence introduced I am unable to find that as a fact."

The plaintiff insists that he is entitled to a decree on these findings. But there is no finding that his indebtedness against Seith antedated the latter's conveyance of the real estate in question or that the execution issued on his judgment was returned within sixty days from its date. Plaintiff now says that an affirmative finding on these issues was not necessary. Be that as it may, he tried his case below on the theory that it was. Indeed, on page 12 of his brief, filed in this Court, appears the following regarding the first question: "It is of course essential to show the priority of the debt to the conveyance," and further: "The plaintiff was thus deprived of a finding on an element of his case necessary to success on which there was no dispute." Such having been his attitude, it is futile for him now to urge the contrary. *Bagley* v. *Cooper*, 90 Vt. 576, 99 Atl. 230; *Cummings* v. *Conn. Gen. Life Ins. Co.*, 101 Vt. 73, 87, 142 Atl. 82. He says that this rule applies only where a case has been tried on a "theory" adopted by both parties; that the defendant in this case had no theory, and that

22

consequently there was ''no meeting of their minds on this point.'' He misconceives the purpose and scope of this rule. If defendant had no theory, and plaintiff was permitted to proceed upon those of his own choosing he must abide the consequences.

▮▮▮ Nor do the findings respecting the issue of fraud entitle him to a decree. One who seeks to set aside a conveyance on the ground that it was fraudulent must establish that fact since the law in no case presumes fraud—the presumption is in favor of innocence. *Tillison* v. *Tillison*, 95 Vt. 535, 116 Atl. 117; *Darling, Admr.* v. *Ricker,* 68 Vt. 471, 35 Atl. 376. This does not require, however, that an actual intent to defraud must be shown, since a transaction may constitute a fraud in law though not in fact. In other words, the fraud of a voluntary grantor may be an actual fraudulent purpose, or the fraud which the law imputes to him from the condition of his estate and the necessary consequence of his act. *Wilson* v. *Spear,* 68 Vt. 145, 34 Atl. 429; *Roberts et al.* v. *Hughes Co. et al.,* 86 Vt. 76, 88, 83 Atl. 807. It is well settled that a voluntary conveyance, that is, a conveyance without valuable consideration, is fraudulent in law as to existing creditors for whom no ample provision has been made, and the good faith of the parties thereto is immaterial. *Ludlow Sav. Bank & Tr. Co.* v. *Knight et al.,* 92 Vt. 171, 102 Atl. 51, 2 A. L. R. 1433; *Jones, Admr.* v. *Williams et al.,* 94 Vt. 175, 180, 109 Atl. 803. And the burden is on those who seek to sustain such a conveyance to prove that the grantor retained other property or means adequate to pay his debts and discharge his obligations. This is upon the principle that one is presumed to intend the natural consequence of his act, which is to hinder, delay, or defraud his creditors. *Jones, Admr.* v. *Williams et al., supra; Lyman* v. *Tarbell,* 30 Vt. 463; *Ga Nun* v. *Palmer,* 216 N. Y. 603, 611, 111 N. E. 223; Bump on Fraud. Con., 4th ed. §§ 247, 249, and 256; Glenn on Fraud. Con., § 271. But Seith was not required to make such showing until plaintiff proved lack of a valuable consideration for the conveyance. This he failed to do—at least there is no finding to that effect. The statement of Seith's claim respecting the consideration that appears in the findings is not, of course, equivalent to a finding.

■ It follows from what has been said as to fraud in law that the inability of the chancellor to find "as a fact" that the conveyance was in fraud of Seith's creditors was not determinative of plaintiff's rights.

■ While the record before us requires an affirmance of the decree, we are satisfied that plaintiff may have a meritorious case if it is properly presented, and in order that an injustice may not be done the case will be remanded for further proceedings. *Hebard* v. *Cutler*, 91 Vt. 218, 99 Atl. 879; *Rice* v. *Bennington County Sav. Bank*, 93 Vt. 493, 512, 108 Atl. 708; *O'Boyle* v. *Parker-Young & Co.*, 95 Vt. 58, 112 Atl. 285, and later cases. *O'Boyle* v. *Parker-Young & Co.* is directly in point. It there appeared that on the record the order of the commissioner of industries, which was adverse to the claimants, would have to be affirmed, but it appearing that this might do the claimants an injustice, the order was reversed *pro forma* and the cause remanded for further proceedings.

*Decree reversed pro forma and cause remanded for further proceedings as plaintiff may be advised. Plaintiff to take no costs, and pay defendant's costs, in this Court.*