# June Becker v. Bennett Becker

[416 A.2d 156]

No. 414-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

Motion for Reargument Denied June 18, 1980

*Frederick M. Reed,* Williston, for Plaintiff.

*Donald Arbitblit* and *Peter F. Langrock* of *Langrock Sperry Parker & Stahl,* Middlebury, for Defendant.

**Billings, J.** This appeal concerns an action on a contract executed in 1974 in settlement of disputes arising out of a 1971 Connecticut divorce decree and for declaratory judgment. The trial court granted the plaintiff-appellant a judgment for $11,500 on the contract, but denied her request for a judgment setting aside a transfer by the defendant to himself and his present wife as tenants by the entirety as a fraudulent conveyance on the ground that the defendant's present wife, a necessary party, was not joined in the action. The plaintiff appeals claiming that she is entitled to the declaration on the basis of evidence adduced at trial and that the defendant's present wife was not an indispensable party, or if she was, that the trial court erred in denying plaintiff's post judgment motion for joinder.

The plaintiff contends that she is entitled to a declaration that the defendant fraudulently conveyed his fee interest in certain Ferrisburg, Vermont, real estate to himself and his second wife in hindrance of the plaintiff's ability to recover on the defendant's debt to her. To prevail the plaintiff must have established liability under 9 V.S.A. § 2281. This statute provides in relevant part:

> Fraudulent and deceitful conveyances of houses, lands, tenements or hereditaments . . . made or had to avoid a right, debt or duty of another person, shall, as against the party only whose right, debt or duty is attempted to be avoided, his heirs, executors, administrators and assigns, be null and void.

This action is statutory, but it is subject to all the requirements of our case law since the enactment of the statute of 13 Elizabeth c.5 (1570), from which the Vermont statute derives. *McLane* v. *Johnson*, 43 Vt. 48, 60–62 (1870); *Carpenter* v. *McLure*, 39 Vt. 9, 15 (1866); *Brackett* v. *Waite*, 4 Vt. 389, 399 (1832). The plaintiff must establish (1) that there existed a right, debt or duty owed to her by the defendant, which debt, in this case, arose before or near the time of the defendant's conveyance; (2) that the defendant conveyed property which was subject to execution in satisfaction of the defendant's debt; (3) that the conveyance here was without adequate consideration, and (4) if the conveyance was without adequate consideration, as here alleged, that the defendant acted fraudulently to the hindrance of the plaintiff's rights against him.

The first element which the plaintiff must establish is the existence of a right, debt or duty owed to her, *E. Corey & Co.* v. *Morrill*, 71 Vt. 51, 59, 42 A. 976, 978 (1898) ; *Green* v. *Adams*, 59 Vt. 602, 608–10, 10 A. 742, 746–47 (1887); *Fairbanks* v. *Benjamin*, 50 Vt. 99, 102–03 (1877); *Beach* v. *Boynton*, 26 Vt. 725, 733 (1854), and, in this case, owed at the time of the conveyance in question, see *Farmer's National Bank* v. *Thomson*, 74 Vt. 442, 447, 52 A. 961, 963 (1902). The plaintiff contends that the relevant debt here is the alimony owed her pursuant to court decree. While such a debt, even prior to the decree, is sufficient for the purposes of the statute, *Green* v. *Adams, supra; Foster* v. *Foster*, 56 Vt. 540, 546 (1884), the debt upon which this action is based is not alimony, but a 1974 contractual obligation incurred by the defendant in settlement of certain disputes arising after the decree of divorce. We shall treat the allegation of indebtedness, therefore, as arising from the 1974 obligation. See *Fair Haven Marble & Marbleized Slate Co.* v. *Owens*, 69 Vt. 246, 247–48, 37 A. 749, 750 (1897). Under this contract the defendant was in arrears in the amount of $750 at the time of the conveyance in question, but he had a continuing obligation to pay the plaintiff $250 per month until her remarriage or death. Because the defendant's obligation is a continuing, indefinite one, he cannot claim that his indebtedness is limited to $750. It is not so indefinite, however, as to be unenforceable under the statutes, as a

pauper's debt to a supporting town was found to have been in *Fairbanks* v. *Benjamin, supra,* 50 Vt. at 103. The duty here is clear, as it was not in *Fairbanks,* leaving only the amount owed indefinite. The contract, admitted below, is sufficient to show the existence of a debt for the purposes of the statute.

The second element the plaintiff must prove is that a conveyance of property subject to execution was made by the defendant near the time of or after incurring indebtedness to the plaintiff. The plaintiff has established that she was defendant's creditor under the contract for about one year prior to the 1975 conveyance, and hence, is in a position to allege a pre-existing debt. See *Rose* v. *Morrell,* 128 Vt. 110, 114, 259 A.2d 8, 11 (1969).

■ The property must be subject to execution to prove fraudulent conveyance. *Morse* v. *Andrews,* 112 Vt. 456, 457, 28 A.2d 393, 394 (1942); *Darling* v. *Ricker,* 68 Vt. 471, 473, 35 A. 376, 377 (1896); *Prout* v. *Vaughn,* 52 Vt. 451, 459 (1880); *Foster* v. *McGregor,* 11 Vt. 595, 596 (1839). There was no evidence introduced below showing that the property in question is exempt from execution, as in *Abbadessa* v. *Tegu,* 122 Vt. 338, 340, 173 A.2d 153, 154–55 (1961). However, the burden of establishing that the property is subject to execution lies with the plaintiff, *Darling* v. *Ricker, supra,* 68 Vt. at 474, 35 A. at 377, and she has not met it by mere inference from the defendant's failure to show exemption.

■ The third element of fraudulent conveyance is proof of the nature of any consideration passing in respect of the debtor's conveyance. Our law has long distinguished between the proof necessary where the property passes for adequate consideration, and where the transfer is "voluntary" or without such consideration. *Ludlow Savings Bank & Trust Co.* v. *Knight,* 92 Vt. 171, 172–73, 102 A. 51, 51–52 (1917); *Lynch's Administrator* v. *Murray,* 86 Vt. 1, 9, 83 A. 746, 748–49 (1912); *Fair Haven Marble & Marbleized Slate Co.* v. *Owens, supra,* 69 Vt. at 249, 37 A. at 750; *Wilson* v. *Spear,* 68 Vt. 145, 148, 34 A. 429, 430 (1895).

Where the transfer is for consideration, the creditor must show that the grantor-debtor and the grantee knowingly participated in the fraudulent conveyance. *Rose* v. *Morrell, supra,* and cases cited therein. On the other hand, where the con-

veyance is without adequate consideration, the creditor may avoid the transfer with proof of the grantor's fraud alone. *Farmer's National Bank* v. *Thomson, supra; E. Corey & Co.* v. *Morrill, supra,* 71 Vt. at 56, 42 A. at 977–78; *Wilson* v. *Spear, supra,* and cases cited there.

The plaintiff asserts that she has established that the defendant's transfer was without consideration and, therefore, voluntary. Her proof below consisted of the introduction into evidence of the property transfer tax return filed with the deed of conveyance, showing only that the transfer was a "corrective deed" and therefore exempt from the tax. Relying upon the case of *McKinstry* v. *Collins,* 74 Vt. 147, 154, 52 A. 438, 440 (1902), the plaintiff maintains that this proof raises a presumption that the transfer was without consideration. Unlike the recital of consideration in deeds, which often may be other than the amount actually passing, *Brackett* v. *Wait,* 6 Vt. 411, 426 (1834), the information contained on the tax return is made under oath on the personal knowledge of the signatory, and hence deserving of the presumptive accuracy accorded death certificates in the *McKinstry* case. The presumption raised by the tax return information on the issue of consideration may be fairly rebutted, but no such evidence has been brought to this Court's attention. The plaintiff has the burden of establishing that the transfer was voluntary. See *Vilas* v. *Seith,* 108 Vt. 18, 22, 183 A. 854, 856 (1936). She has met it with the proof here offered as the tax return indicates that consideration did not pass between the parties. 32 V.S.A. § 9603 (4) and (5).

The fourth element which the plaintiff must establish is the defendant's fraud. The plaintiff asserts that proof of a pre-existing debt and a voluntary transfer is sufficient to raise a presumption that the transfer was fraudulent. She has mistakenly relied upon certain dicta in *Jones* v. *Williams,* 94 Vt. 175, 180, 109 A. 803, 805 (1920), in which the Court stated on the authority of foreign cases the following:

> It is very generally held that a voluntary conveyance by one indebted is presumptively fraudulent as against existing creditors, and that the burden is on those who seek to sustain it as a valid transfer to prove that the grantor

retained other property or means adequate to pay his debts and discharge his obligations.

However, the Court expressly reserved decision on this issue in *Jones*. *Id.* at 180–81, 109 A. at 805.

> The fraud of a voluntary grantor may be an actual fraudulent purpose, or the fraud which the law imputes to him from the condition of his estate and the necessary consequence of his act. . . . It is only in cases where no actual fraud appears that the conveyance can be sustained on the ground that the grantor retained sufficient property to satisfy his debts.

*Wilson* v. *Spear, supra.* No evidence is shown which indicates an actual fraudulent purpose here. Therefore, "[t]he question here is whether, on the facts . . . the law will impute fraud to . . . [the defendant] from the condition of his estate, and the necessary consequence of his act, regardless of any actual fraudulent intent or purpose on his part," *Vilas* v. *Seith,* 108 Vt. 526, 529, 189 A. 862, 863 (1937), "since the law in no case presumes fraud." *Vilas v. Seith, supra,* 108 Vt. at 22, 183 A. at 856.

■ In *Vilas* v. *Seith, supra,* 108 Vt. at 22, 183 A. at 856, this Court stated that the burden lies with the party seeking to sustain the conveyance to show that the grantor retained ample assets to pay his debts. It did not state, however, that an inference of fraud is permitted merely on a showing that a voluntary transfer was made by one presently indebted. To the contrary, such an inference is permitted only when the creditor has shown that the ultimate condition of the debtor's estate is not sufficient to satisfy his obligations. See *id.* It is only under this circumstance that the purpose of the statute is served; that is, to prevent the conveyance from depriving creditors of the means of collecting their debts. *Jones* v. *Williams, supra,* 94 Vt. at 181, 109 A. at 805; *Foster* v. *Foster, supra,* 56 Vt. at 548; *Church* v. *Chapin,* 35 Vt. 223, 229 (1862). Once the creditor has established that the conveyance was voluntary *and* that the condition of the debtor's estate is such that he cannot collect on his debt, the law will impute fraud to the transferor. By this imputation fraud may be inferred, but the party seeking to sustain the transfer may rebut

it by meeting its *burden of going forward* with evidence which shows that *at the time of the transfer* the debtor had resources sufficient to answer his debts. The *burden of persuasion* remains throughout the trial with the proponent of the position that the conveyance was fraudulent. *Darling* v. *Ricker, supra.*

In the instant case, the subject property is by the admission of the parties the only estate of the defendant located in Vermont. The plaintiff contended on oral argument that only Vermont assets could be considered in ascertaining the condition of the debtor's estate. In *Church* v. *Chapin, supra,* 35 Vt. at 229, this Court stated the rule that "the nature and situation of the property is to be regarded as well as the amount and value, in view of the facilities the creditors have left for the collection of their debts." Applying this rule, the Court held that debts due from persons residing out of state, not being subject to process by this state, are to be excluded from the measure of the debtor's estate after the questioned transfer. *Id.* at 229–30. While this exclusion may have been reasonably warranted one hundred years ago, it is no longer the necessary conclusion to be drawn from application of the rule in the case. In the instant case, for example, the parties are both nonresidents suing in Vermont courts. There is no compelling reason for our courts to ignore the foreign assets of the parties where no showing has been made that those assets are not as subject to attachment in the situs state as is the subject property in this action. Only where such a showing has been made is a trial court required by the rule in *Church* v. *Chapin, supra,* to exclude foreign assets of the debtor from the measure of his estate.

The plaintiff has not established that the defendant was without the means to meet his contractual obligations at the time of suit, having relied upon the fact that the only relevant estate of the defendant was that in question here. The plaintiff, therefore, is not entitled to ask the trier of fact to infer that at the time of conveyance, which is the relevant time for determining the defendant's fraud, *Wilbur* v. *Nichols,* 61 Vt. 432, 436, 18 A. 154, 155 (1889), the defendant was insolvent or rendered so by the conveyance. Unless it can be shown that a creditor is hindered by the conveyance in collecting his debt,

the conveyance cannot be avoided. *Church* v. *Chapin, supra*. The plaintiff is not entitled to a declaration that the defendant's conveyance was fraudulent.

It is also the plaintiff's contention that the trial court erred in dismissing the action for failure to join an indispensable party, the defendant's present spouse and co-tenant by the entirety in the subject property. The plaintiff takes the view that since the statute makes the conveyance to the new spouse void, she had no interest which was the subject of this litigation.

As this Court stated in *Jones* v. *Williams, supra*, 94 Vt. at 185, 109 A. at 807:

> A voluntary or a fraudulent conveyance is valid between the parties, and in fact as to the whole world, except those within the protection of the statute; thus the words "null" and "void" are construed to mean voidable only. Therefore such conveyances vest the legal title in the grantee, subject only to be divested by the creditors of the grantor, if they choose to impeach it. *Tudor* v. *Tudor*, 80 Vt. 220, 67 Atl. 539, 130 A.S.R. 977; *Carpenter* v. *McLure*, 39 Vt. 9, 91 A.D. 370; 12 R.C.L. 473.

Not only is the conveyance voidable only as to creditors under the statute, it can become binding upon a creditor who affirms it, *Merrill* v. *Englesby*, 28 Vt. 150, 156–57 (1855), and it is not voidable by the conveying party, *Administrator of Martin* v. *Martin*, 1 Vt. 91, 95–96 (1828). The transfer, therefore, creates an interest in the grantee which makes the grantee a necessary party to an action for fraudulent conveyance, even though no fraud on the grantee's part need be shown. *Church* v. *Chapin, supra*, 35 Vt. at 231. See also *Wilson* v. *Spear*, *supra*, 68 Vt. at 150, 34 A. at 431. In the instant case, the present spouse of the defendant took through a straw a tenancy by the entirety with the defendant. Under the *Church* rule, the spouse must be joined in this action in order to cut off her interest. The straw, however, is not a necessary party. *Wilson* v. *Spear, supra*.

The plaintiff's motion for joinder of defendant's present spouse as an additional defendant, pursuant to V.R.C.P. 19(a) and 21, together with a motion for new trial filed after judg-

ment, was not precluded because of its tardiness, inasmuch as V.R.C.P. 21 permits the court to add parties "at any stage of the action," provided such joinder will not prejudice the parties. Although V.R.C.P. 21 joinder is discretionary, see 7 C. Wright & A. Miller, Federal Practice and Procedure § 1688 (1972), joinder under V.R.C.P. 19(a) is not, provided the requirements of the latter rule are met. The plaintiff having failed to establish a prima facie case of fraudulent conveyance to the defendant and his present spouse, or any reason for the trial court to find that the addition could have altered the outcome on this issue, the conditions of V.R.C.P. 19(a) are not met, and since no prejudice to the parties was shown, there was no abuse of discretion under V.R.C.P. 21. Thus, although error could have been premised on the trial court's denial of the motion for joinder had the plaintiff made a proper showing, no error appears in the trial court's denial of plaintiff's motion. See *Hudson* v. *Clark*, 136 Vt. 553, 556, 396 A.2d 132, 134 (1978).

*Affirmed.*