## Alice Mary Lowell v. Theo Fuller Lowell, as Administratrix of the Estate of Forrest Lowell

[419 A.2d 321]

No. 79-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed July 28, 1980

*Gerard F. Trudeau,* Middlebury, for Plaintiff.

*William H. Meub,* Law Office of *John A. Kelley,* Middlebury, for Defendant.

**Hill, J.** On September 25, 1978, appellant, Forrest Lowell, petitioned the Addison Superior Court to amend his January

11, 1966, order of divorce.[1] He sought to terminate his obligation to pay alimony and to provide health insurance for his former wife, Alice M. Lowell. She, in turn, cross-petitioned for an increase in alimony payments.

Finding that although appellant had suffered "a substantial change in his material circumstances" he still had substantial assets, the lower court reduced his alimony payments from $65.00 per week to $40.00 per week. There is no express indication in the court's findings as to which of appellant's assets the court was relying on in reaching this conclusion. It is evident, however, that in large part the assets relied on included property held as tenants by the entirety by appellant and his second wife, and likely included salary earned solely by the efforts of the latter.

■■ Neither party disputes that there had been a substantial change in appellant's material circumstances due to serious health problems. The sole issue presented for our review is whether in determining Forrest Lowell's financial ability to make alimony payments it was proper for the court to take into account the property held as tenants by the entirety and the salary earned by defendant's second wife. While we hold that it was not proper to take into account the value of the property or the salary of defendant's second wife, we do believe that it is proper to take into account defendant's share of the income from the property.

■ Under Vermont law, a decree for the payment of money as alimony places the parties in the relation of creditor and debtor. *Becker* v. *Becker*, 138 Vt. 372, 375, 416 A.2d 156, 159 (1980); *Foster* v. *Foster*, 56 Vt. 540, 546 (1884). Therefore, in analyzing which assets of Forrest Lowell could be used to satisfy the alimony obligations owed to Alice Lowell, we treat the decree of alimony as though it were an ordinary judgment for the recovery of a debt.

In the present case, the payment of alimony was solely the debt of appellant, not his second wife. Accordingly, those

---

[1] During the pendency of this appeal Forrest Lowell died. Pursuant to an order of this Court, Theo Fuller Lowell, appellant's second wife and personal representative, was substituted as the proper party. See V.R.A.P. 43(a).

assets, both real and personal, that were held by Forrest Lowell and his second wife as tenants by the entirety could not be reached by legal process, absent fraud of creditors, see *Becker* v. *Becker, supra,* to satisfy a debt that was solely the obligation of Forrest Lowell. This follows because "[t]he estate of the wife and the husband's interest in her tenancy by the entirety, if validly created, is protected from the husband's sole creditors." *Rose* v. *Morrell,* 128 Vt. 110, 112, 259 A.2d 8, 10 (1969). See also *George* v. *Dutton's Estate,* 94 Vt. 76, 78–79, 108 A. 515, 516 (1920).

Since it would not have been possible to satisfy appellant's alimony obligation from the assets held by him and his second wife as tenants by the entirety, it makes no sense to say that, in the absence of fraud or concealment, see *Becker* v. *Becker, supra,* those assets could nevertheless be used to determine his financial ability to pay. It should be noted, however, that to the extent a husband and wife hold income-producing property by the entirety, each has a separate estate in the rents, profits and income from the property which presumably can be reached by his or her sole creditors and, therefore, can be considered in determining financial ability to pay. See *Preston* v. *Chabot,* 138 Vt. 170, 177, 412 A.2d 930, 934 (1980) (Billings and Hill, JJ., dissenting). Furthermore, under Vermont law it is clear that a second wife's salary cannot be used in determining the financial ability of a husband in making alimony payments to his first wife. *Hudson* v. *Hudson,* 130 Vt. 225, 227, 290 A.2d 31, 33 (1972). It is necessary, therefore, to remand the case to the superior court so that it can determine, consistent with the views expressed herein, which assets and income should have been considered in calculating appellant's ability to pay, and the amount by which appellant's alimony obligation should have been modified. In arriving at this disposition, we are not unmindful of the trial court's broad discretion in determining alimony payments. But where, as here, the trial court fails to state clearly the basis for its decision, "and the result . . . appears to be unsupportable, this Court is justified in remanding for clarification and support." *Cleary* v. *Cleary,* 134 Vt. 181, 182, 353 A.2d 334, 335–36 (1976).

*Reversed and remanded.*