*Porter v. Stafford*, No. 281-5-18 Wncv (Teachout, J., Jan. 4, 2019).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 281-5-18 Wncv** |

**CORIANDER PORTER**
    **Plaintiff**

   **v.**

**TIMOTHY N. STAFFORD and**
**PATRICK J. BOUCHER**
    **Defendants**

## DECISION
### Ms. Porter's Motion for Summary Judgment

Plaintiff Coriander Porter obtained a substantial foreign judgment against Defendant Timothy N. Stafford and domesticated it in Vermont under a separate docket number. Before she recorded it as a judgment lien against Mr. Stafford's Waitsfield, Vermont property, he substantially encumbered that property with a mortgage to Defendant Patrick J. Boucher. In this case, Ms. Porter seeks to void the encumbrance on the property as a fraudulent transaction and then foreclose her judgment lien. Ms. Porter has filed a summary judgment motion exclusively addressing the fraudulent conveyance issue.

The Fraudulent Conveyances Act allows a creditor to seek the "avoidance of a [fraudulent] transfer . . . to the extent necessary to satisfy the creditor's claim." 9 V.S.A. § 2291(a)(1); see also *id*. § 2292(a) ("A transfer or obligation is not voidable under subdivision 2288(a)(1) of this title against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee."). Ms. Porter claims that the conveyance in this case is fraudulent because it was made "with actual intent to hinder, delay, or defraud" her, the creditor. 9 V.S.A. § 2288(a)(1).

The following facts are undisputed. In 2017, Ms. Porter obtained a foreign judgment against Mr. Stafford. She domesticated that judgment in this court under a different docket number, establishing a Vermont judgment for $401,817.33 on January 29, 2018. On February 2, 2018, Mr. Stafford encumbered his Waitsfield property with a mortgage to Mr. Boucher to secure payment on a note in the original principal amount of $200,000. Plaintiff claims that in exchange for the mortgage and note, Mr. Stafford did not receive "$200,000 or any other consideration which could be construed as reasonably equivalent value in exchange for the transfer." Ms. Porter's Statement of Undisputed Facts ¶ 6.

Defendants did not contest any of Ms. Porter's purported undisputed facts in a manner cognizable by Rule 56. However, even if the court were to deem the facts, as presented by Ms. Porter, to be undisputed, they are insufficient for summary judgment purposes.

The timing and nature of the transaction certainly raise suspicions. The transaction may be illusory insofar as Mr. Stafford may have acquired nothing of value in exchange for the encumbrance on his property. The factual record, however, is too sparse to support judgment as a matter of law on these grounds.

An important detail missing from the summary judgment record is the effect that the disputed transaction may have had on Mr. Stafford's ability to satisfy his debt to Ms. Porter. See 9 V.S.A. §§ 2288(b)(5), (b)(9). Ms. Porter states in argument: "Defendant Stafford did not receive any funds from defendant Boucher for the transfer and *he clearly intended to incur this debt well beyond his ability to pay*." Ms. Porter's Motion for Summary Judgment 5 (emphasis added). Nothing in the record indicates anything about Mr. Stafford's "ability" to pay any debt to either Ms. Porter or Mr. Boucher. If Mr. Stafford is otherwise fully capable of satisfying his debt to Ms. Porter, there is no reason inquire into potential fraudulent transactions.

The purpose of setting aside a conveyance as fraudulent is "to prevent the conveyance from depriving creditors of the means of collecting their debts." *Becker v. Becker*, 138 Vt. 372, 378 (1980). Part of the proponent's fraud showing is "that the condition of the debtor's estate is such that [the creditor] cannot collect on [her] debt." *Id*. Even if the disputed transaction were found to be fraudulent, Ms. Porter nevertheless has failed to show that the state of Mr. Stafford's estate is such that she otherwise is unable to collect her judgment.

## ORDER

For the foregoing reasons, Ms. Porter's motion for summary judgment is denied.

A pretrial status conference will be scheduled.

Dated at Montpelier, Vermont this _____ day of January, 2019.

_____
Mary Miles Teachout
Superior Judge